1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| Jennifer Wysocki, Individually and on Behalf of All Others Similarly Situated, | Case No.: 22-cv-_____-____ |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| ZOOMINFO TECHNOLOGIES INC., DISCOVERORG DATA, LLC, ZOOMINFO INFORMATION, INC. | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

Plaintiff Jennifer Wysocki ("Plaintiff") complains upon knowledge as to herself and her own actions and upon information and belief as to all other matters against defendants ZoomInfo Technologies Inc., DiscoverOrg LLC, and Zoom Information, Inc. (the "Defendants" or "ZoomInfo"), as follows:

## I. SUMMARY OF ALLEGATIONS

1.      This action arises from Defendants': (i) unlawful and intentional interception, accessing, viewing, reading, and/or scanning of individuals' personal information contained within their electronic communications without their knowledge or consent; (ii) subsequent unauthorized use, disclosure, dissemination, and/or sale of those electronic communications to third parties, including marketers, recruiters, and advertisers, from approximately August 2010 to the present (the "Class Period") in violation of federal and state law; and (iii) false and deceptive representations – *i.e.*, that ZoomInfo does not access, view, read, or scan personal information contained in users' electronic communications.

2.      Plaintiff, on behalf of herself and similarly situated subscribers to Community Edition service (the "Community Edition Program") offered by ZoomInfo ("Subscribers") and other third parties who are not subscribers to any of ZoomInfo's products and services and whose personal information was taken ("Non-Subscribers") bring this suit under the Federal Wiretap Act ("Wiretap Act"), 18 U.S.C. § 2510, *et seq.*; California Invasion of Privacy Act ("CIPA"), CAL. PENAL CODE § 630 *et seq.*; California common law intrusion upon seclusion; invasion of privacy under Art. I, Sec. 1 of the California Constitution; the California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE §17200; Florida's Deceptive And Unfair Trade Practices Act ("FDUTPA"), FLA. STAT. § 501.201, *et seq.*; N.Y. Gen. Bus. Law §§ 349 & 350; Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILL. COMP. STAT. ANN. §§ 505 *et seq.*; Washington's Consumer Protection Act ("WCPA"), WASH. REV. CODE §§ 19.86, *et seq.*; Washington Wiretapping Statute, WASH. REV. CODE § 9.73.030; breach of contract under Washington law; Connecticut's Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*; for declaratory and other

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

1     equitable relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

2        3.     ZoomInfo is an American company that offers for sale access to its proprietary

3 database of information and analytic tools. According to ZoomInfo's regulatory filings, ZoomInfo's

4 database contains intelligence about business entities and individuals, including personnel moves,

5 organizational charts, intent signals, decision-maker contact information, hierarchy information and

6 other financial details. ZoomInfo claims that its database contains more than 50 million contact

7 details, which are updated daily by artificial intelligence, as well as a team of over 300 ZoomInfo's

8 human researchers and analysts.

9        4.     Users can access ZoomInfo's database either through a paid subscription or via

10 ZoomInfo's Community Edition Program that comes free of charge. In order to obtain access to

11 ZoomInfo's free Community Edition Program, users must agree to give ZoomInfo permission to

12 access their incoming and outgoing emails, from which ZoomInfo purportedly extracts only certain

13 "business information," such as business contacts and company names, to include in its proprietary

14 database. Thus, ZoomInfo provides users with free access to ZoomInfo's database in exchange for

15 what ZoomInfo claims to be "business information" extracted from users' emails, including

16 incoming emails from Non-Subscriber Class members who did not subscribe, contract, or otherwise

17 consent to ZoomInfo's practices.

18        5.     Plaintiff has not subscribed to the Community Edition Program and has not

19 downloaded the Contact Contributor software. Plaintiff was surprised to see her information

20 displayed on ZoomInfo. In fact, Plaintiff's full name, her title, years of experience, and other

21 employment information, including the names of her work colleagues, are all included in ZoomInfo's

22 database. ZoomInfo also advertises that Plaintiff's contact information, including her mobile

23 number, is available to ZoomInfo's subscribers. Plaintiff had no knowledge and did not consent or

24 receive any notice from ZoomInfo that her information is being publicly disclosed, shared, sold,

25 and/or otherwise used by ZoomInfo.

26        6.     Federal and state privacy laws uniformly recognize individuals' reasonable

27

28

| | |
|---|---|
| CLASS ACTION COMPLAINT<br>CASE NO. _:22-cv-____- ___<br>2 | Lowey Dannenberg, P.C.<br>44 South Broadway, Suite 1100<br>White Plains, NY 10601<br>914-997-0500<br>www.lowey.com |

expectations of privacy in confidential communications, particularly those that take place via private channels, such as electronic email communications. Federal and state privacy laws prohibit unauthorized interception, viewing, reading, and/or scanning as well as disclosure, dissemination, sale, and other use of the contents of electronic communications. California specifically recognizes privacy as a fundamental right, and accordingly, California law prohibits, among other things, recording, and sharing of confidential communications without the consent of *all* parties to the communication. Other states' laws similarly recognize individuals' privacy in electronic communications, including private email correspondence and personal information contained therein.

7.    Well aware of consumers' legitimate and reasonable expectations of privacy, ZoomInfo seeks to create the impression that it respects individuals' privacy. To that effect, ZoomInfo's Community Edition Terms of Use ("Terms of Use") and Privacy Policy purport to explain to users what information ZoomInfo views, reads, and captures after users subscribe to its free Community Edition Program. The Privacy Policy gives several explicit assurances that ZoomInfo does not view or read users' email content and that it only extracts "business information," such as signature blocks within email messages and certain "business information" found in email headers. Similarly, ZoomInfo's Terms of Use guarantee that "no human being reads" users' email as a result of users' participation in the Community Edition Program and that only "business information" is extracted by ZoomInfo.

8.    Notwithstanding these express and implied representations, ZoomInfo intercepts, views, reads, and accesses users' electronic email communications, and subsequently discloses, disseminates, sells, and otherwise uses individual personal information that ZoomInfo scraped off their email correspondence without their knowledge or consent. ZoomInfo fails to inform individuals — including unsuspecting Non-Subscribers who never subscribed or interacted with ZoomInfo and have no way of knowing of, let alone consenting to, ZoomInfo's interception — that ZoomInfo accesses and views the entirety of individuals' incoming and outgoing communications in its quest for relevant data to extract and include in its database. Further, ZoomInfo fails to meaningfully

CLASS ACTION COMPLAINT
CASE NO.  _:22-cv-____- ___
3

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

disclose that it uses hundreds of human researchers and analysts to cleanse, organize, and verify personal information that ZoomInfo collected from Subscribers' and Non-Subscribers' email communications, which it then sells to third parties, such as marketers, recruiters, and advertisers. Each such interception and disclosure constitutes an egregious breach of social privacy norms and is a violation of federal and state law.

9.      ZoomInfo knows it lacks consent to view, read, capture, disclose, and otherwise use individuals' electronic communications therein. Upon information and belief, after extracting unsuspecting third parties' information from their email communication, ZoomInfo sends them a self-inculpatory notice (the "Privacy Notice"), informing them of the "collection, processing, and sale of certain **personal** information or **personal** data" about them. To create an impression of legitimacy, ZoomInfo informs the individuals whose personal information it has taken, that ZoomInfo's **"Legal Basis"** for the "processing of [their] personal information is based on the **"legitimate interest of itself** and its customers to engage in direct marketing."

10.      Moreover, ZoomInfo's Privacy Notice is sent from such a domain name that it is most likely to be flagged as spam and/or automatically blocked by majority of email services. According to an email optimization platform test done by Wolfpack Research, ZoomInfo's Privacy Notice reaches the inbox of only a fragment of recipients. This is because, as the Wolfpack Research Report[1] revealed, ZoomInfo's Privacy Notice is sent from a different domain than its main domain, which has a much higher rate of reaching individuals' inboxes.

11.      ZoomInfo's violations are deliberate and calculated to increase revenues for ZoomInfo. ZoomInfo profits from the invasion of privacy by using Subscribers' and Non-Subscribers' personal information without consent or authorization to improve its database to make its platform more attractive to paying customers, such as marketers, recruiters, and advertisers. ZoomInfo monetizes its platform via paid subscriptions to more than 20,000 customers, of which over 1,500 have an annual contract value over $100,000. In short, ZoomInfo intentionally, willfully, and

---

[1] https://wolfpackresearch.com/research/zoom/ (last visited June 21, 2022)

CLASS ACTION COMPLAINT
CASE NO. _:22-cv-____- ___
4

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

1    knowingly violated and continues to violate Plaintiff's and Class Members' privacy rights for profit.

2    **II. JURISDICTION AND VENUE**

3        12.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.

4    § 1332(d) (the Class Action Fairness Act ("CAFA")), because: (i) at least one Plaintiff is a citizen of

5    a different state than the Defendants; (ii) the amount in controversy exceeds $5,000,000; and (iii)

6    there are at least 100 individuals in the putative class that Plaintiff seeks to represent through this

7    action.

8        13.    This Court also has jurisdiction over the subject matter of this action pursuant to 28

9    U.S.C. § 1331 since this suit is brought under a federal statute. This Court may exercise supplemental

10    jurisdiction pursuant to 28 U.S.C. § 1367 over the remaining state common law and statutory claims

11    as these state law claims are part of the same case or controversy as the federal statutory claims over

12    which the Court has original jurisdiction.

13        14.    This Court has personal jurisdiction over Defendants because their principal place of

14    business is in the State of Washington. Additionally, the injuries, damages, and/or harm upon which

15    this action is based occurred or arose out of activities engaged in by Defendants within, affecting, and

16    emanating from the State of Washington. Defendants regularly conduct and/or solicit business in,

17    engage in other persistent courses of conduct in, and/or derives substantial revenue from products

18    provided to persons in the State of Washington. ZoomInfo has engaged, and continues to engage, in

19    substantial and continuous business practices in the State of Washington. Moreover, ZoomInfo's

20    Terms of Use provide that: "[T]hese Terms are governed by the laws of the United States of America

21    and the State of Washington and any action or proceeding (including those arising from non-

22    contractual disputes or claims) related to these Terms will be brought in a state or federal court in the

23    State of Washington."

24        15.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial

25    portion of the conduct described in this Complaint was carried out in this District. Furthermore,

26    Defendants are headquartered in this District and subject to personal jurisdiction in this District.

27

28    CLASS ACTION COMPLAINT
CASE NO. _:22-cv-____-___
5

    Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

### III. PARTIES

#### A. PLAINTIFF

16.     Plaintiff is a natural person and citizen of the State of Connecticut. Plaintiff is an attorney and has a heightened privacy interest in her emails. Plaintiff used both Outlook and Gmail during the class period. Plaintiff regularly uses her email for work and the contents of her emails are privileged and confidential, protected by attorney-client privilege or work-product doctrine. Plaintiff has not subscribed to ZoomInfo's services, including the Community Edition Program, and has not purchased any of ZoomInfo's paid products or services. Plaintiff had no knowledge of ZoomInfo's collection of her personal information or of any potential viewing, sharing, selling, replicating, or otherwise using of her personal information, nor did she consent to any of these practices.

#### B. DEFENDANTS

17.     Defendant ZoomInfo is a Delaware corporation, with its principal place of business at 805 Broadway St. Suite 900, Vancouver, WA. It was founded in 2007 by its current CEO, Henry Shuck. Prior to its acquisition by DiscoverOrg in February 2019, ZoomInfo was known as Zoom Information, Inc. The combined business was incorporated as the former ZoomInfo Technologies Inc. on November 14, 2019, for the purpose of facilitating the IPO, which took place on June 8, 2020. As of December 31, 2021, ZoomInfo had 2,742 employees across North America, the Middle East, Asia and Europe.

18.     DiscoverOrg Data, LLC is a Delaware limited liability company headquartered in Vancouver, Washington. On October 1, 2018, ZoomInfo Technologies Inc. executed a nontaxable contribution of all operations in exchange for a noncontrolling interest in DiscoverOrg Data LLC. After Discover Org's acquisition of ZoomInfo, in 2019, it changed its name to ZoomInfo. Prior to the merger, DiscoverOrg (now ZoomInfo) was engaged in the collection and sale of business data.

19.     Defendant Zoom Information, Inc. was incorporated in March 2000 as a Delaware corporation under a different name. Zoom Information Inc. was headquartered in Waltham, Massachusetts and maintained offices in Michigan, Israel and Russia. On February 1, 2019, ZoomInfo Technologies, Inc., acquired 100% of the stock of Zoom Information, Inc.

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

1  **IV.** **SUBSTANTIVE ALLEGATIONS**

2      **C.** **Background Information About ZoomInfo's Business Model**

3      20.    ZoomInfo is a subscription-based provider of software as a service ("SaaS")

4  headquartered in Vancouver, Washington. ZoomInfo sells access to a database of information and

5  analytics to marketing, operations, and recruiting professionals and other organizations. According to

6  ZoomInfo's regulatory filings, ZoomInfo's cloud-based operating system aggregates and extracts

7  distinct types of data and intelligence on business organizations and professionals, including

8  information on companies' personnel moves, planned investments, technologies used by companies,

9  "intent signals" (information related to what prospects and customers to engage with and when),

10  decision-maker contact information, including email addresses, titles, and phone numbers, advanced

11  attributes (such as granular department and location information, and employee trends),

12  organizational charts, news and events, hierarchy information, locations, funding details, and revenue

13  information from millions of public and proprietary sources.

14      21.    In addition to selling paid subscription packages, ZoomInfo offers a free program

15  called Community Edition. Community Edition gives users free ongoing limited access to

16  ZoomInfo's database of profiles of individuals and entities, which ZoomInfo claims contains profiles

17  for over 10 million businesses and 125 million business professionals. In exchange for the free access

18  to ZoomInfo's database, Community Edition Subscribers are required to register and download a

19  computer tool called the Contact Contributor. Contact Contributor is a software application for

20  Microsoft Outlook and/or Google Business Apps that enables ZoomInfo to obtain address books and

21  other information from all of users' incoming and outgoing emails, which ZoomInfo uses to build out

22  its database.

23      22.    According to ZoomInfo, Contact Contributor selectively focuses on address books,

24  email headers, and email signatures to create profiles of individuals and entities. ZoomInfo's entire

25  contributory network — which includes Community Edition Program Subscribers — contributes

26  approximately 50 million contact records events *daily* comprising "email signatures, email

27  deliverability and contact update records . . . as well as unattributed data through integrations with . .

28  CLASS ACTION COMPLAINT
CASE NO. _:22-cv-____- ___
7

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
 914-997-0500
www.lowey.com

. customers' CRM and sales & marketing automation systems." The 200,000 Community Edition Subscribers alone generate enough email traffic to allow ZoomInfo to scrub 10 million signature blocks *daily*. ZoomInfo claims that each month, it adds 2,000 businesses and 30,000 employees, and that it updates 20,000 businesses and 300,000 employees. ZoomInfo readily admits on its website and elsewhere that its ability to "map the business landscape in near real time [ ] dramatically improve[s] the quality of B2B information"[2] and that the information it extracts "improve[s] the size and quality of [its] Directory."[3]

23.    Based on ZoomInfo's express and implied representations (as described in detail in Sec. IV.C.), Subscribers do not understand that Contact Contributor will view, read, or otherwise inspect the contents their email communications with third parties. Critically, the information collected by Contact Contributor, comprises, to a large extent, information that originates with Non-Subscribers who never used, visited, subscribed, or otherwise interacted with ZoomInfo and who have no way of knowing that they are corresponding with a Subscriber whose emails are being scanned by ZoomInfo's Contact Contributor software. As a result, Non-Subscribers lack any opportunity to authorize or consent to the viewing, reading, and scanning practice nor the collection, processing, and sale of their personal information, including the content of their correspondence with Subscribers.

24.    Worse, ZoomInfo readily admits to using a team of human research analysts and data scientists to clean business-to-business data, which according to ZoomInfo includes addressing data and intelligence gaps, tagging anomalies in data, reviewing data pieces that require another manual verification, and identifying methods to automate data gathering. ZoomInfo claims that this "human-in-the-loop" approach ensures at least 95% accuracy of its data, and thereby benefits ZoomInfo by enhancing the reliability of its database. This "human-in-the-loop approach" directly contradicts ZoomInfo's explicit claims in its Privacy Policy that "no human being reads" emails as a result of users' participation in the Community Edition Program.

**D.  Subscribers and Non-Subscribers Have a Reasonable Expectation**

---

[2]    https://www.zoominfo.com/b2b/faqs/community-edition (last visited June 13, 2022).
[3]    https://www.zoominfo.com/about-zoominfo/privacy-policy (last visited June 13, 2022).

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

**of Privacy in Their Electronic Email Communication**

25.      Contrary to ZoomInfo's self-serving assertions denying the existence of an expectation of privacy in "Business Information," the vast majority of employees do maintain an expectation of privacy in their employment information and work communications as evidenced by several consumer studies and opinion polls, reflecting broader societal norms. This expectation is far from new: 80% of respondents to a 2001 poll conducted by Harris stated that not being monitored at work was either extremely or somewhat important to their privacy.[4] Over twenty years later, the expectation remains the same, despite the exponential growth in the ability of companies like ZoomInfo to intrude, track, and catalog employee communications and activities. According to a 2020 research poll conducted by Pew Research, a large majority of Americans, 67%, believe they should have the right to exclude information about employment history or work records from online search results which are available to the public.[5] Similarly, a 2019 Gartner poll found that a mere 30% of employees were comfortable with their employers' undisclosed monitoring of their email communication.[6]

26.      Despite their clear expectation of privacy in their employment information and work-related emails, 81% of Americans feel as though they have little to no control over the data gathered about them by private companies.[7] Further, the public is wary of the purported benefits of data collection, with 81% of respondents in that same Pew Research Center poll stating that the potential risks posed by companies' data collection outweigh the benefits.[8] According to a recent consumer

---

[4]  EPIC.ORG, Public Opinion on Privacy, (Aug. 2001), *available at* https://archive.epic.org/privacy/survey/.

[5]  Brooke Auxier, *Most Americans support right to have some personal info removed from online searches,* PEW RESEARCH CENTER (Jan. 27, 2020), *available at* https://www.pewresearch.org/fact-tank/2020/01/27/most-americans-support-right-to-have-some-personal-info-removed-from-online-searches.

[6]  Brian Kropp, *The Future of Employee Monitoring,* GARTNER (May 3, 2019), *available at* https://www.gartner.com/smarterwithgartner/the-future-of-employee-monitoring.

[7]  Brooke Auxier et. al., *Americans and Privacy: Concerned, Confused and Feeling Lack of Control Over Their Personal Information*, PEW RESEARCH CENTER (Nov. 15, 2019), available at https://www.pewresearch.org/internet/2019/11/15/americans-and-privacy-concerned-confused-and-feeling-lack-of-control-over-their-personal-information.

[8]  *Id.*

---

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

privacy survey conducted by Cisco, 72% of respondents believed that organizations have an obligation to use artificial intelligence ("AI") responsibly and ethically, and over half of respondents, 56%, stated that they were concerned about how businesses use AI technologies.[9] Thus, ZoomInfo's assertion that the American public lacks a reasonable expectation of privacy in their digital employment information and work communications is simply wrong.

### E.  ZoomInfo's Misleading Disclosures to Subscribers

27.    Prior to downloading the Contact Contributor software, users are required to agree to ZoomInfo's Community Edition Program Terms of Use (attached as Exhibit A) and ZoomInfo's Privacy Policy (attached as Exhibit B), by checking a box that states:

> I agree to the Terms of Use and Privacy Policy. I understand that I will receive a subscription to ZoomInfo Community Edition at no charge in exchange for downloading and installing the ZoomInfo Contact Contributor utility, which, among other features, involves sharing my business contacts as well as headers and signature blocks from emails that I receive.

28.    The "Terms of Use" and "Privacy Policy" in the above paragraph is hyperlinked, such that by clicking on each, the user is redirected to a separate webpage containing the pertinent document in full.

### *i. Privacy Policy*

29.    ZoomInfo's Privacy Policy's stated purpose is to explain how ZoomInfo "collect[s] information pertaining to businesses and business people ("Business Information") . . . and all other types of information, ***including personal information***," and how ZoomInfo "maintain[s], use[s], and share that information." While the Privacy Policy states that "Business Information" is "information pertaining to businesses and business people," it does not define, clarify, or give examples of what "personal information" means.

30.    ZoomInfo states that the Business Information it collects comes from: (i) "the contacts within your email client and 'signatures' within email messages"; and (ii) "the headers of your

---

[9]    CISCO SYSTEMS, INC., *Cisco 2021 Consumer Privacy Survey*, (Sept. 29, 2021) *available at* https://www.cisco.com › about › trust-center › docs.

CLASS ACTION COMPLAINT
CASE NO. _:22-cv-_____- ___
10

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

emails." ZoomInfo makes it sound like "Business Information" is voluntarily contributed by users alone: ***"[u]sers contribute Business Information about themselves or other people and companies."***

31.     ZoomInfo's Privacy Policy also represents that "ZoomInfo only wants business-related information [and t]herefore, any contacts that have an address from a consumer-oriented service such as Gmail, Hotmail, or Yahoo are disregarded." The Privacy Policy misleadingly assures customers that "***ZoomInfo does not 'read' the body of your email messages; our technology automatically extracts only the data we describe in this Policy.*** We do not collect data from custom fields or notes in your email client."

### ii. Terms of Use

32.     The Community Edition Terms of Use repeat the assurances given in the Privacy Policy that ZoomInfo looks only at email headers and signature blocks: "[ZoomInfo] use[s] automated computer processes to identify the signature block and email header and to extract the business contact information of the sender and metadata from the email header."

33.     Buried deep within the document, though, is a paragraph that contradicts ZoomInfo's earlier, more explicit representations that ZoomInfo does not read the content of emails and does not collect information from personal email accounts such as Gmail:

> 2.1 By accepting this Agreement and registering for Community Edition, and as a condition to accessing and using the Services, you authorize the Application [meaning Community Edition software] ***to access*** the information in your email account (e.g. ***Gmail,*** **Microsoft Outlook**), including your contacts, metadata from email headers, ***and email content.*** You acknowledge, understand, and agree that after this permission is granted and until it is revoked, ***the Application will use automated algorithms to automatically parse this information and extract certain information*** regarding businesses and business people, such as name, email address, job title, department, company name, phone numbers, business address(es), website URLs, metadata from email headers, and other similar business-related information (collectively "Contact Data") that may be stored in your email account both locally or on a remote server.

34.     ZoomInfo clearly realizes that it must obtain Non-Subscribers' consent before accessing their information, but instead of doing so in any legitimate way, ZoomInfo purports to put

CLASS ACTION COMPLAINT
CASE NO. _:22-cv-____- ___
11

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

the burden of doing so on its own users. Specifically, in its Terms of Use, ZoomInfo includes the following statement:

> You represent and warrant that you have the right to provide us with this information and that, if your email account is owned by your employer, you are authorized by your employer to sign up for Community Edition. If you do not have that right or that authorization (if applicable), you may not and must not use the Service.

35.     Of course, ZoomInfo knows that ZoomInfo's customers do not have the "right" to consent to ZoomInfo's scraping of private information from third parties' emails on behalf of those third parties.

36.     Alarmingly, ZoomInfo's Terms of Use purport to secure for itself an irrevocable and unrestrained right to use all the information it obtains, including "email content," from Subscribers and third parties alike. In particular, provision 2.1 defines "Contact Data" as "contacts, metadata from email headers, and *email content."* Furthermore, provision 2.3 states that by subscribing to Community Edition Program, Subscribers agree to grant ZoomInfo "*an irrevocable license* to reproduce, distribute, publish, perform, make derivative works of, or display the Contact Data or any portion thereof, and sell, transfer, assign, sublicense, disclose, or make available the Contact Data or any portion thereof to any third party, including ZoomInfo's customers, contractors, strategic partners, agents, and service providers.

37.     In other words, ZoomInfo essentially seeks to secure for itself unlimited, perpetual and absolute ownership of this information, including email content, belonging to individuals who may have no idea about ZoomInfo's collection, sharing, and selling practices, including after a Subscriber terminates the Community Edition Program and otherwise cuts all ties with ZoomInfo. Pursuant to ZoomInfo's Terms of Use, there is no possible way to retrieve or prevent further use of information, including email content, that ZoomInfo obtains from Subscribers and other unsuspecting third parties.

### iii. ZoomInfo Website

CLASS ACTION COMPLAINT
CASE NO. _:22-cv-____- ___
12

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

38.     ZoomInfo's FAQ website[10] doubles down on ZoomInfo's misleading claims, making several representations that fail to disclose ZoomInfo's actual practices of scanning the contents of emails and involvement of human researchers in the processing, cleaning and verification of data collected from Subscribers and Non-Subscribers, stating:

> Contact Contributor *shares only business contact information*, *essentially the information a person would normally include on a business card*: Name, Company, Title, Email Address, and Phone Number. Personal email address (such as those from Gmail, Hotmail, Yahoo, etc.) are filtered out. (emphasis in original). Contact Contributor operates locally, *and only business contact information is shared with ZoomInfo*. *The body of your email is never seen by ZoomInfo*; in fact, it never leaves your email.

39.     Furthermore, ZoomInfo's FAQ website assures users that ZoomInfo "do[es] not collect any sensitive personal information from Community Edition Subscribers; simply business contact information of the type that hundreds of millions of business professionals share every day, online, on their business cards, and otherwise."

40.     As to the question "Does Contact Contributor read my email messages?" ZoomInfo emphatically denies it, stating:

> *Absolutely not.* Contact Contributor operates locally on your email client and looks only at address book entries, email headers, and email signatures to capture basic business contact information. All other information is excluded.

41.     ZoomInfo concedes that it uses a team of in-house human researchers, analysts, and data scientists for manual verification, and improvement of ZoomInfo's algorithms used in its artificial intelligence. What it does not clearly disclose, though, is that it uses dozens of human researchers and analysts to verify the information that ZoomInfo collected from Subscribers' and Non-Subscribers' email accounts, which it then sells to third parties, such as marketers, recruiters, and advertisers.

### iv. Privacy Notice

42.     Rather than obtaining valid consent prior to collecting information, ZoomInfo seeks

---

[10]   https://www.zoominfo.com/b2b/faqs/community-edition (last visited June 16, 2022)

CLASS ACTION COMPLAINT
CASE NO. _:22-cv-____-_
13

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
 914-997-0500
www.lowey.com

to cure its privacy violations after the fact by sending individuals whose personal information it has *already taken* an email notification ("Privacy Notice"), informing them of the ***"collection, processing, and sale of certain personal information or personal data about you . . ."*** and providing a list of "personal information that it *may* have taken":

- Name
- Company
- Office Address
- Telephone Number
- Email Address
- Job Title
- Job Function and Responsibilities
- Education
- Social Media URL

43.     In its Privacy Notice, ZoomInfo states that the personal information it has taken about the Non-Subscriber is processed for "direct marketing purposes [and] may be licensed to [ZoomInfo] customers for their sales, marketing, or recruiting purposes, or to other organizations who may license it to their customers for the same purposes ("partners")." The Privacy Notice further advises that "[ZoomInfo's] customers, or those of our partners, may use the information to market their services to your employer or to contact you about professional opportunities."

44.     To create an impression of legality, ZoomInfo includes a paragraph titled "Lawful Basis," providing the purported legal grounds for its collection and use of individuals' personal information, stating: "ZoomInfo's processing of your personal information is based on the ***legitimate interest of itself*** and its customers to engage in direct marketing."

45.     ZoomInfo purportedly gives recipients of its Privacy Notice an opportunity to opt out of ZoomInfo's database by visiting a hyperlink that leads to ZoomInfo's Privacy Center. However, to opt out of ZoomInfo's database and request that information be removed and deleted, users are required to provide ZoomInfo with their email address, to which ZoomInfo subsequently sends a verification email. Furthermore, while ZoomInfo promises to exclusively use the email address

CLASS ACTION COMPLAINT
CASE NO. _:22-cv-_____- ___
14

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

1   provided to it in the context of profile deletion, ZoomInfo also states that it "cannot guarantee that

2   other data providers will **see or honor** your opt-out request." The reality is that ZoomInfo itself does

3   not respect or honor a person's choice to opt out of ZoomInfo's database. There are over hundred

4   complaints lodged with Better Business Bureau complaining of lack of action by ZoomInfo in taking

5   down information of people who have opted out. What's worse is once a person is finally able to take

6   their information down, it reappears a few days later on ZoomInfo's database.

7       46.   Moreover, according to ZoomInfo's Code of Community, ZoomInfo also discloses to

8   its customers the fact that individuals have opted out of ZoomInfo,[11] thus continuing to use the email

9   address provided for purposes of deleting one's information from ZoomInfo's database.

10                                                  * * *

11      47.   Besides the Terms of Use, Privacy Policy, ZoomInfo websites, and/or the Privacy

12  Notice, ZoomInfo publishes on its website numerous other documents and web pages that purport to

13  describe its practice of collecting, sharing, and selling information collected via its Community

14  Edition Program. ZoomInfo expects users to sort through dozens of different documents spread across

15  several web pages and piece together its representations from various portions of one or more of these

16  documents. Even if someone managed that feat, ZoomInfo's description of what data it collects, from

17  where, and what it does with that date are vague, confusing, incomplete, and sometimes completely

18  contradictory. No reasonable ZoomInfo Subscriber would understand that acceptance of ZoomInfo's

19  Terms of Use or Privacy Policy results in giving ZoomInfo irrevocable permission to its unfettered

20  collection, use, sharing and sale of Subscribers' and Non-Subscribers' personal information,

21  including content of their and other individuals' electronic email communication.

22      48.   Besides misleading and incomplete disclosures to scrap data and personal information

23  off Class Members' emails, the Wolfpack Research Report also revealed that ZoomInfo purchases

24  stolen data from the internet to include on its website. The lengths ZoomInfo can go to collect data

25  and personal information is apparent from the fact that ZoomInfo uses SGN Database LLC ("SGN"),

26

27  [11] https://www.zoominfo.com/b2b/community-edition-data (last visited June 16, 2022)

28  | CLASS ACTION COMPLAINT | Lowey Dannenberg, P.C. |
    | CASE NO. _:22-cv-____-___ | 44 South Broadway, Suite 1100 |
    | 15 | White Plains, NY 10601 |
    | | 914-997-0500 |
    | | www.lowey.com |

1    which helps the Company to obscure its purchase of stolen data.

2        49.    According to the Wolfpack Research Report, ZoomInfo had a contract with SGN to

3    get OxyLeads[12] data through May 2021. ZoomInfo would use SGN to veil its transactions with

4    OxyLeads and indirectly request data depending on its strategic objectives for the month. ZoomInfo

5    used this indirect route to obtain the data because it knew that data received from OxyLeads was of

6    dubious origin. OxyLeads was alleged to have scraped off private data from millions of LinkedIn

7    users when individual profiles were found on a publicly accessible server. As the Wolfpack Research

8    Report revealed, ZoomInfo secretly bought illegally collected data from OxyLeads using SGN as a

9    veil to continuously update its database. Data from sources like LinkedIn is considered valuable

10   because the information comes directly from data subjects and companies like ZoomInfo are able to

11   buy the illegally sourced data cheaply from companies like OxyLeads. ZoomInfo then benefits from

12   people's personal information to build its own database. ZoomInfo does not disclose its use of SGN

13   or that it buys data from other sources (including those of questionable legality) to build its database.

14   **F.  ZoomInfo Benefits from its Practice of Intercepting
         Individuals' Electronic Communication**

15
16       50.    Contrary to its representations, ZoomInfo intercepts and processes Subscribers' and

17   Non-Subscribers' incoming and outgoing email during transit and before the emails reach its storage

     location.

18
19       51.    ZoomInfo analyzes the content of Subscribers' and Non-Subscribers' emails while

20   searching for relevant information; collects and categorizes the information it extracts; and stores the

     information for its own use and for purposes of sharing and selling the information to third parties for

21   ZoomInfo's own financial, commercial and competitive advantage.

22
         52.    ZoomInfo uses the information it unlawfully collects from the incoming and outgoing
23

24   _____

25   [12] OxyLeads is a cloud-based lead generation and digital prospecting platform which helps
     generating contact lists based on industry, revenue and other helpful keywords. While on their
26   website, the Company states the services have been terminated since September 25th, 2019, at the
     same time it says continuously updated data records of business professionals and companies can
27   be obtained by reaching out to their sales team.

     _____

28   CLASS ACTION COMPLAINT                              Lowey Dannenberg, P.C.
     CASE NO. _:22-cv-____- ___                          44 South Broadway, Suite 1100
     16                                                   White Plains, NY 10601
                                                          914-997-0500
                                                          www.lowey.com

emails of the Subscribers and Non-Subscribers to create user profiles of individuals and entities. The practice of creating a comprehensive database of business entities, business professional, along with their employment-based information, such as job title, responsibilities, promotions, and social and professional affiliations enhances the value of ZoomInfo's database, and therefore, gives ZoomInfo the ability to offer for sale the subscription-based access to its database. By increasing the data volume of its database, ZoomInfo gains the ability to attract more paid subscription-based customers, which translates to higher revenue for ZoomInfo.

53.     ZoomInfo uses its own human employees in the process of cleaning, organizing, and verifying data collected from contributory network. ZoomInfo admits that it does so to train its AI and ML-powered engines that gather data from millions of sources. ZoomInfo employs over 300 research analysts and 40 data scientists for that purpose. ZoomInfo's use of humans in the quality-control process is directly contrary to ZoomInfo's own assurances that "[n]o human being reads [users'] email because of [users'] use of Community Edition."

### G.  ZoomInfo's Unlawful Actions Have Personally Harmed Plaintiff Who Did Not Consent to ZoomInfo's Interception

54.     The Non-Subscriber Plaintiffs have not created an account with ZoomInfo, did not subscribe to or use any of ZoomInfo's services, have not purchased any of ZoomInfo's products, and never knowingly provided ZoomInfo with any information, including their name, contact information, employment-related information, or URLs associated with any of Non-Subscriber Plaintiffs' professional or social networks. Upon information and belief, ZoomInfo intercepted Plaintiff's emails and accessed its contents, including the signature block contained within the body of Plaintiff's email. Upon information and belief, ZoomInfo disclosed the unlawfully taken information to other third parties, including, but not limited to, by publishing Plaintiff's contact information on ZoomInfo's own database, and potentially selling, replicating, and/or otherwise using Plaintiff's information to other third parties. Plaintiff did not know of or authorize the interception and subsequent disclosure and use of this information.

55.     At no point did the Plaintiff consent to or authorize ZoomInfo to intercept, view, read,

process, capture and/or share, disclose, or otherwise misuse their information poached from her email communications. ZoomInfo does not adequately disclose its collection, sharing, and selling practices, specifically that Contact Contributor scans, reads, or otherwise reviews the contents of their email correspondence with third parties. Plaintiff relied on ZoomInfo's assurances and freely exchanged email correspondences which they would not have had had they known that such conversations were being intercepted by ZoomInfo. Plaintiff did not agree to having ZoomInfo intercept, scan, read or otherwise review the contents of their email correspondences with third parties through their use of Contact Contributor. Plaintiff would not have had private conversations with third parties had they known that ZoomInfo engaged in the unlawful actions described herein.

56.     Plaintiff is an attorney who regularly uses her email for her work. She is frequently exchanging emails with other attorneys and her clients. The contents of her emails are privileged and confidential, protected by attorney-client privilege or work-product doctrine. ZoomInfo's scanning, reading, or otherwise reviewing the contents of her email is a highly offensive and egregious breach of her privacy and that of her clients.

57.     Plaintiff would like to continue to use her personal and work-related email accounts in the future but will be uncertain as to whether ZoomInfo has ceased its unlawful practices and violation of her privacy rights without the equitable relief requested herein, specifically an injunction prohibiting ZoomInfo from engaging in the unlawful practices alleged herein. This is particularly the case given the surreptitious nature of ZoomInfo's misconduct.

## V. <u>TOLLING OF THE STATUTE OF LIMITATIONS</u>

58.     The applicable statutes of limitations have been tolled by ZoomInfo's knowing and active concealment and denial of the facts alleged herein, namely its practice of intercepting, viewing, reading, processing, disclosing, and misusing Plaintiff's and Class Members' email correspondence and communications. Plaintiff and Class Members could not have reasonably discovered the truth about ZoomInfo's practices until shortly before this class action litigation was commenced.

59.     As alleged in detail herein, ZoomInfo expressly assures consumers that neither

CLASS ACTION COMPLAINT
CASE NO. _:22-cv-____-___
18

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

ZoomInfo nor its Contact Contributor software reads, views, processes, discloses, or otherwise uses the contents of Plaintiff's and Class Members' email correspondence. ZoomInfo further asserts that it *only* captures, processes, and analyzes business contacts, headers and signature blocks from emails. These assurances are prominently featured in ZoomInfo's Privacy Policy and other marketing materials. No reasonable user would be placed on notice that she should scour the remainder of the documents and links found on ZoomInfo's website to uncover other "disclosures" directly contradicting those assurances. And Non-Subscribers, of course, would have no reason at all to investigate whether they have corresponded with a Contact Contributor Subscriber and had their data mined by ZoomInfo as a result.

## VI. CLASS ACTION ALLEGATIONS

60.    Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 individually and on behalf of the following Classes:

**Nationwide Subscriber Class:** All individuals who reside in the United States and its territories who subscribed to ZoomInfo's Community Edition whose email correspondence was viewed, read, processed, captured and/or shared by ZoomInfo with third parties without their consent during the applicable statute of limitations period (the "Class").

**Nationwide Non-Subscriber Class:** All individuals who reside in the United States and its territories who did not subscribe to ZoomInfo's Community Edition and whose email correspondence was viewed, read, processed, captured and/or shared by ZoomInfo with third parties without their consent as a result of their corresponding with any Member of the Subscriber Class during the applicable statute of limitations period.

**Washington Non-Subscriber Subclass**: All individuals who reside in the State of Washington who did not subscribe to ZoomInfo's Community Edition and whose email correspondence was viewed, read, processed, captured and/or shared by ZoomInfo with third parties without their consent as a result of their corresponding with any Member of the Subscriber Class during the applicable statute of limitations period.

**California Non-Subscriber Subclass:** All individuals who reside in the State of California who did not subscribe to ZoomInfo's Community Edition and whose email correspondence was viewed, read, processed, captured and/or shared by ZoomInfo with third parties without their consent as a result of their corresponding with any Member of the Subscriber Class during the applicable statute of limitations period.

**Florida Non-Subscriber Subclass:** All individuals who reside in the State of Florida who did not subscribe to ZoomInfo's Community Edition and whose email correspondence was viewed, read, processed, captured and/or shared by ZoomInfo with third parties without their consent as a result of their corresponding with any Member of the Subscriber Class during the

applicable statute of limitations period.

**New York Non-Subscriber Subclass:** All individuals who reside in the State of New York who did not subscribe to ZoomInfo's Community Edition and whose email correspondence was viewed, read, processed, captured and/or shared by ZoomInfo with third parties without their consent as a result of their corresponding with any Member of the Subscriber Class during the applicable statute of limitations period.

**Connecticut Non-Subscriber Subclass:** All individuals who reside in the State of Connecticut who did not subscribe to ZoomInfo's Community Edition and whose email correspondence was viewed, read, processed, captured and/or shared by ZoomInfo with third parties without their consent as a result of their corresponding with any Member of the Subscriber Class during the applicable statute of limitations period.

**Illinois Non-Subscriber Subclass:** All individuals who reside in the State of Illinois who did not subscribe to ZoomInfo's Community Edition and whose email correspondence was viewed, read, processed, captured and/or shared by ZoomInfo with third parties without their consent as a result of their corresponding with any Member of the Subscriber Class during the applicable statute of limitations period.

61.     Excluded from each Class are: (1) any Judge or Magistrate presiding over this action and any members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

62.     **Ascertainability:** Membership of each Class is defined based on objective criteria, and individual members will be identifiable from Defendants' records, including records reflecting Class Members' subscription to ZoomInfo's Community Edition program and from the contact information of members of Non-Subscriber Class derived from, among other places, the Contact Contributor software.

63.     **Numerosity:** The exact number of members of the Class(es) is unknown and unavailable to Plaintiff at this time, but individual joinder in this case is impracticable. The Classes likely consist of thousands if not millions of individuals and Class Members can be identified through Defendants' records.

CLASS ACTION COMPLAINT
CASE NO. _:22-cv-____- ___
20

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

64.     **Predominant Common Questions:** The Classes' claims present common questions of law and fact, and those questions predominate over any questions that may affect individual Class Members. Common questions for the Classes include, but are not limited to, the following:

a.     whether ZoomInfo intercepts, views, reads, processes, discloses, or otherwise misuses users' personal information;

b.     whether individuals have a reasonable expectation of privacy in their email correspondence and in their employment and work-related matters under federal law and the laws of the various states, as alleged herein;

c.     whether ZoomInfo's business practices of intercepting, viewing, reading, processing, disclosing, or otherwise misusing users' personal information violated state and federal laws, as alleged herein;

d.     whether ZoomInfo's business practices of intercepting, viewing, reading, processing, disclosing, or otherwise misusing users' personal information constitute a breach of the contract between ZoomInfo and members of the Subscriber Class;

e.     whether Plaintiff and Class Members are entitled to declaratory and/or injunctive relief to enjoin the unlawful conduct alleged herein;

f.     whether, for the Nationwide Non-Subscriber Class alleged herein, California has a significant contact to the claims of each class member to apply California law to all members of the Nationwide Non-Subscriber Class; and

g.     whether Plaintiff and Class Members have sustained damages or lost money or property as a result of ZoomInfo's conduct, and, if so, what is the appropriate measure of damages or restitution.

65.     **Typicality:** Plaintiff's claims are typical of the claims of the other members of the proposed Classes. Plaintiff and Class Members suffered an invasion of privacy as a result of Defendants' wrongful conduct that is uniform across the Classes.

66.     **Adequate Representation:** Plaintiff has fairly and adequately represented and

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

protected the interests of the Classes and will continue to do so. She has retained counsel competent and experienced in complex litigation and class actions, including privacy violations. Plaintiff has no interests that are antagonistic to those of the Classes, and Defendants have no defenses unique to the Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and they have the resources to do so. Neither Plaintiff nor her counsel have any interests adverse to those of the other members of the Class.

67.     **Substantial Benefits:** This Class Action is appropriate for certification because class proceedings are superior to other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Classes is impracticable. This proposed Class Action presents fewer management difficulties than individual litigation, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Class treatment will create economies of time, effort, and expense and promote uniform decision-making.

68.     Plaintiff reserves the right to revise the foregoing class allegations and definitions based on facts learned and legal developments following additional investigation, discovery, or otherwise.

**VII.     <u>CLAIMS FOR RELIEF</u>**

**FIRST CLAIM FOR RELIEF**

**Violation of the Wiretap Act**
**Title 1 of the Electronic Communications Privacy Act**
**("ECPA") (18 U.S.C. §2510, *et seq*.)**
**(on Behalf of Plaintiff and all Classes)**

69.     Plaintiff re-alleges and incorporates the preceding allegations of this Complaint with the same force and effect as if fully restated herein.

70.     The Wiretap Act prohibits the intentional interception by any person of the content of any wire, oral, or electronic communications without the consent of at least one authorized party to the communication. 18 U.S.C. § 2520(a).

71.     "Electronic communication" is defined as "any transfer of signs, signals, writing,

---

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectric or photo-optical system that affects interstate or foreign commerce…" 18 U.S.C. § 2510(12).

72.     "Intercept" is defined as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4).

73.     "Contents" is defined as "includ[ing] any information concerning the substance, purport, or meaning of that communication[.]" 18 U.S.C. § 2510(8).

74.     "Person" is defined as "any employee, or agent of the United States or any State or political subdivision thereof, and any individual, partnership, association, joint stock company, trust, or corporation[.]" 18 U.S.C. § 2510(6).

75.     Plaintiff and Class Members, as individuals, are persons as defined under 18 U.S.C. §2510(6).

76.     ZoomInfo, as a corporation, is a person as defined under 18 U.S.C. § 2510(6).

77.     Plaintiff and Class Members exchanged electronic communication via their respective email accounts during the Class Period by using their computers, smart phones, tablets, and other electronic devices.

78.     ZoomInfo's Contact Contributor is a device for purposes of the Wiretap Act because it is a software program used to intercept electronic communications and because it transmits a signal through a wire, cable, or other like connection used in wire communication.

79.     Plaintiff and Class Members' private and personal emails that were intercepted in real time by ZoomInfo are "electronic communications" within the meaning of 18 U.S.C. § 2510(12).

80.     Plaintiff and Class Members reasonably expected that ZoomInfo was not intercepting, viewing, reading, processing, capturing, and/or disseminating their electronic communications transmitted via their electronic devices, including their computers based on: (i) the context in which these electronic communications occurred, namely personal and professional settings at Plaintiff's

1  homes, workplaces and other private areas, to which access of all other persons is prohibited absent

2  Plaintiff's consent; (ii) a general understanding of how email communications are transmitted,

3  delivered, and shared, and based on ZoomInfo's own assurances; and (iii) ZoomInfo's status as a

4  party to those electronic communications who was not an intended party to or recipient of Plaintiff

5  and Class Members' private electronic communications.

6      81.    Pursuant to 18 U.S.C. § 2511(1)(a), ZoomInfo, through its design, authorship,

7  programming, knowing and intentional installation, activation, and/or other involvement with the

8  Contact Contributor software, intentionally intercepted, intercepts, or endeavored to intercept, the

9  content of electronic communications made by Plaintiff and Class Members without obtaining actual

10 consent from any authorized party to the electronic communication, include ZoomInfo's viewing,

11 reading, processing, capturing, and/or disseminating their electronic communication as

12 described above.

13     82.    The contents intercepted include personal information concerning the substance,

14 purport, or meaning of that communication, including, but not limited to, viewing, and reading,

15 personal information regarding the parties' names, addresses, telephone numbers, email addresses,

16 job titles, job functions and responsibilities, education, social medial URLs, and potentially other

17 personal information.

18     83.    Interception of Plaintiff and Class Members' private electronic communications

19 without their consent occurred when ZoomInfo scanned Plaintiff and Class Members' electronic

20 communications for purposes of viewing, reading, capturing, and/or disseminating, Plaintiff's and

21 Class Members' electronic communications by the use of the Contact Contributor software. This

22 interception occurred during transmission, as ZoomInfo operates in real time to acquire the content

23 of Plaintiff's and Class Members' electronic communications. The contents of the electronic

24 communications intercepted are the written email correspondence between Plaintiff and Class

25 Members.

26     84.    Plaintiff and Class Members could not have, and did not, provide consent to

27

28
CLASS ACTION COMPLAINT
CASE NO. _:22-cv-____- ___
24

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

interception of their electronic communications because they lacked knowledge that such interception was taking place, based on their reasonable expectations of privacy in email communications and ZoomInfo's own express and implied representations.

85.     Pursuant to 18 U.S.C. § 2511(1)(c), ZoomInfo intentionally disclosed, discloses, or endeavored to disclose to third parties the contents of Plaintiff's and Class Members' electronic communications while knowing or having reason to know that the information was obtained through the interception of the electronic communications in violation of 18 U.S.C. § 2511(1)(a).

86.     After ZoomInfo intentionally intercepts the contents of Plaintiff's and Class Members' electronic communications without their consent, the Contact Contributor recorded and transmitted the intercepted communications over the internet to ZoomInfo's servers for processing, analysis, storage, and archiving. ZoomInfo then intentionally shares, disseminates, discloses, and sells these intercepted electronic communications of Plaintiff's and Class Members' to third parties in order to monetize Plaintiff's and Class Members' private information, including by selling the information to marketers, recruiters, and other individuals for profit, without Plaintiff's and Class Members' consent, and for tortious purposes and for the purpose of committing unfair business practices.

87.     Although ZoomInfo is aware that the contents of Plaintiff's and Class Members' electronic communications were recorded without their knowledge or consent, ZoomInfo has retained, utilized, disseminated, and sold the unlawfully captured information.

88.     Pursuant to 18 U.S.C. § 2511(1)(d), ZoomInfo intentionally used, uses, or endeavors to use the contents of Plaintiff's and Class Members' electronic communications knowing or having reason to know that the electronic communication was obtained through interception in violation of 18 U.S.C. § 2511(1)(a).

89.     ZoomInfo intentionally uses the contents of Plaintiff's and Class Members' intercepted communications to build out its database of contacts for ZoomInfo's own financial, commercial, and competitive benefit, and to generate substantial profit.

90.     The practices complained of in this Count fall outside of the scope of ZoomInfo's

CLASS ACTION COMPLAINT
CASE NO. _:22-cv-____- ___
25

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

ordinary course of business because they violate ZoomInfo's own policies and are in contradiction to the generally understood manner in which email correspondence is transmitted and the reasonable and permissible collection of users' personal information from private channels of communication. As such, the surreptitious viewing, reading, capturing, dissemination of Plaintiff's and Class Members' electronic communications do not facilitate the transmission of the electronic communication at issue nor are such activities incidental to such transmission of such electronic communication.

91.    ZoomInfo's actions were at all relevant times knowing, willful, and intentional as evidenced by ZoomInfo's admission that the personal information it captures from Plaintiff's and Class Members' electronic communication is used to build out and improve ZoomInfo's database. This expansion is intended to benefit ZoomInfo financially by allowing it to sell subscription programs and thus the collected personal information to third parties, including marketers, recruiters, and advertisers, and to generate significant profits.

92.    ZoomInfo intercepted, disclosed, and used the contents of Plaintiff's and Class Members' electronic communications in reckless disregard for Plaintiff's and Class Members' privacy rights and for its own financial benefit to profit from the improved quality of its proprietary database and sale of Plaintiff's and Class Members' personal information to advertisers, marketers, and recruiters.

93.    As a result, Plaintiff and Class Members have suffered harm and injury due to the interception, disclosure, and/or use of their private, personal, and confidential communications.

94.    Pursuant to 18 U.S.C. § 2520, Plaintiff and Class Members have been damaged by the interception, disclosure, and/or use of their communications in violation of the Wiretap Act and are entitled to: (1) appropriate equitable or declaratory relief; (2) damages, in an amount to be determined at trial, assessed as the greater of (a) the sum of the actual damages suffered by Plaintiff and the Class and any profits made by ZoomInfo as a result of the violation or (b) statutory damages of whichever is the greater of $100 per day per violation or $10,000; and (3) reasonable attorneys' fees and other

CLASS ACTION COMPLAINT
CASE NO. _:22-cv-____- ___
26

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

litigation costs reasonably incurred through this action.

## SECOND CLAIM FOR RELIEF

### Violation of Washington's Consumer Protection Act ("WCPA")
### Wash Rev. Code §§ 19.86, et seq.
### (On Behalf of Subscriber and Non-Subscriber Classes)

95.     Plaintiff re-alleges and incorporates the preceding allegations of this Complaint with the same force and effect as if fully restated herein.

96.     Plaintiff brings this claim on behalf of the Nation-Wide Subscriber and Non-Subscriber Class against all Defendants.

97.     The Wash. Rev. Code § 19.86.020 prohibits "[u]nfair methods of competition and unfair deceptive acts or practices in the conduct of any trade of commerce."

98.     The Defendants here committed unfair acts and practices in violation of the Wash. Rev. Code § 19.86.020 by violating Plaintiff's and Class Members right to privacy by surreptitiously capturing, accessing, viewing, reading, or scanning of individuals' personal information contained within their electronic communications without their knowledge or consent. ZoomInfo's subsequent unauthorized disclosure, dissemination, sharing, sale, and misuse of those electronic communications with third parties, including marketers, recruiters, and advertisers and for its own commercial benefit, further violates the Wash. Rev. Code § 19.86.020.

99.     Defendants misrepresent to the Plaintiff and the Class that ZoomInfo does not capture, access, view, read, or scan personal information contained in users' electronic communications, in violation of ZoomInfo's own express and implied representations. It further misrepresents that "No human being reads your email because of your use of Community Edition."

100.     Notwithstanding these express and implied representations, ZoomInfo intercepts, views, reads, and accesses users' electronic email communications, and subsequently discloses, disseminates, sells, and otherwise misuses without individuals' knowledge or consent, their personal information that ZoomInfo scraped off their email correspondence. It also admits to employing a team

---

CLASS ACTION COMPLAINT
CASE NO. _:22-cv-____- ___
27

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

of in-house human research analysts and data scientists to review data pieces that require another manual verification, and improve the performance of the algorithm. Thus, despite ZoomInfo's explicit representations that "no human being reads" emails by using Community Edition, ZoomInfo's own admissions reveal the real truth about human review of Subscribers' and Non-Subscribers' email correspondence.

101.    ZoomInfo committed its misconduct in the context of trade or commerce. ZoomInfo makes available its Community Edition service in exchange for valuable personal data in markets across the nation. Subscribers and non-subscribers of the Community Edition exchange emails across the nation. Additionally, ZoomInfo uses this covertly collected information for business purposes affecting interstate commerce, including by providing such information and data to third parties.

102.    ZoomInfo's representations and omissions were material because they were likely to deceive reasonable consumers to believe their data was private. Plaintiff and Class Members reasonably expected that ZoomInfo was not intercepting, viewing, reading, processing, capturing, and/or disseminating their electronic communications transmitted via their electronic devices, including their computers.

103.    The public interest is harmed by ZoomInfo's conduct in viewing, reading, processing, capturing and/or sharing the contents of the emails of the citizens of this State and the Class Members who maintain a fundamental privacy interest in this information. Additionally, to the extent that ZoomInfo uses this information for its own business purposes or transmits this information to third parties for profit or other benefit, the Company is deriving an unfair competitive advantage as a result of the covert collection of such information.

104.    Plaintiff and the Class Members have been injured by compromising their private and confidential information, which is valuable to them, and would not have installed Contact Contributor if ZoomInfo had fully disclosed that it views, reads, processes, captures and/or shares their email correspondences with third parties. Additionally, the Class Members have been harmed in their privacy interest through this conduct.

CLASS ACTION COMPLAINT
CASE NO. _:22-cv-____- ___
28

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

105.     Plaintiff and the Class Members relied on the representations by ZoomInfo and did not expect their private and confidential email correspondences to be viewed, read, processed, captured and/or shared. These considerations are material for the Class Members as reasonable consumers.

106.     As a direct and proximate result of ZoomInfo's unfair methods of competition and unfair or deceptive practices, Plaintiff and the Class have suffered and will continue to suffer injury, ascertainable losses of money, and monetary and non-monetary damages. Plaintiff's and the Class members private content was exploited without their knowledge or consent. Accordingly, Plaintiff and the Class are entitled to a part of ZoomInfo's profits that were generated by their surreptitious viewing, reading, processing, capturing and/or sharing their email correspondences.

107.     Plaintiff and the Class Members are entitled to damages and reasonable attorney's fees and costs pursuant to Wash. Rev. Code § 19.86.090.

### THIRD CLAIM FOR RELIEF

**Violation of the Washington Wiretapping Statute**
**WA Rev. Code § 9.73.030**
**(On Behalf of Subscriber Class)**

108.     Plaintiff re-alleges and incorporates the preceding allegations of this Complaint with the same force and effect as if fully restated herein.

109.     Plaintiff brings this claim individually and on behalf of the Class.

110.     Wash. Rev. Code § 9.73.030 prohibits the interception or recording of a private phone call, in-person conversation, or electronic communication, unless all parties to the communication consent.

111.     Plaintiff and Class Members have a reasonable expectation of privacy in their email correspondence.

112.     When the Plaintiff and Class Members installed or corresponded with a user of Contact Contributor, ZoomInfo captured, accessed, viewed, read, or scanned individuals' personal information contained within their electronic communications without their knowledge or consent.

CLASS ACTION COMPLAINT
CASE NO. _:22-cv-____- ___
29

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

Moreover, ZoomInfo subsequently disclosed, disseminated, shared sold, and misused the scraped personal information from such electronic communications to third parties, including marketers, recruiters, and advertisers and for its own commercial benefit.

113.    ZoomInfo did so by their false and deceptive representations – *i.e.*, that ZoomInfo does not capture, access, view, read, or scan personal information contained in users' electronic communications, in violation of ZoomInfo's own express and implied representations. ZoomInfo also misrepresented that "no human reads your email" by the use of Community Edition. The truth, however, is that despite these representations, ZoomInfo intercepts, views, reads, and accesses users' electronic email communications, and subsequently discloses, disseminates, sells, and otherwise misuses their personal information that ZoomInfo scraped off their email correspondence without individuals' knowledge or consent. ZoomInfo also employs a team of in-house human reviewers and data scientist to verify the data collected and improve the performance of the algorithms.

114.    Plaintiff and the Class had no reason to expect and did not expect that ZoomInfo is viewing, reading, processing, capturing and/or sharing the content of their email correspondences. Plaintiff and Class Members reasonably relied on ZoomInfo's representations and expected that the Contact Contributor would perform as represented and that the content of their email correspondences and private information would remain private.

115.    Plaintiff and the Class did not consent to the content of their email correspondence to be viewed, read, processed, captured and/or shared with third parties. Even worse, the non-subscribers who correspond with the users of Community Edition, had no way of even knowing about, let alone consenting to, such collection, sharing, and selling practices.

116.    ZoomInfo viewed, read, processed, captured and/or shared the content of private and confidential email correspondences intentionally, for its own business purposes and to gain a profit by building and continuously improving their database by the unlawfully collected information.

117.    ZoomInfo's persistent collection of private and confidential information by viewing, reading, processing, capturing and/or sharing the email correspondences of unsuspecting users,

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

without the consent of all parties to such communications, is in violation of Wash. Rev. Code § 9.73.030.

118.    ZoomInfo's intentional and unlawful conduct violated Plaintiff's and the Class's right to privacy in their confidential communications as protected by Wash. Rev. Code § 9.73.030.

119.    ZoomInfo's intentional and unlawful conduct caused Plaintiff and the Class injury to their dignity, well-being, and security.

120.    Plaintiff individually and on behalf of the Class seeks (1) damages equal to $100 per day up to $1,000 under Wash. Rev. Code § 9.73.060; (2) reasonable attorney's fees and costs under Wash. Rev. Code § 9.73.060.

**FOURTH CLAIM FOR RELIEF**

**Breach of Contract under Washington law**
**(on Behalf of Subscriber Class)**

121.    Plaintiff re-alleges and incorporates the preceding allegations of this Complaint with the same force and effect as if fully restated herein.

122.    Plaintiff brings this claim individually and on behalf of the Subscriber Class. Plaintiff and the Subscriber Class have each agreed to the Terms and Conditions and other policies governing the use of Community Edition and each has installed the Contact Contributor.

123.    ZoomInfo's Terms of Use and Privacy Policy purports to explain to users what information ZoomInfo views, reads, and captures after users subscribe for its free Community Edition program. The Privacy Policy gives several explicit assurances that ZoomInfo does not view or read users' email content and that it only extracts "business information," such as signature blocks within email messages and headers of users' emails. Similarly, ZoomInfo's Terms of Use guarantees that "no human being reads" users' email as a result of users' participation in the Community Edition program and that only business contact information and metadata from the email header are extracted into ZoomInfo's database.

124.    Despite these explicit assurances, ZoomInfo's collection, sharing, and selling practices are in stark contrast of its representations. ZoomInfo, indeed intercepts, views, reads, and accesses

users' electronic email communications, and subsequently discloses, disseminates, sells, and otherwise misuses without individuals' knowledge or consent, their personal information that ZoomInfo scraped off their email correspondence. Moreover, ZoomInfo employs a team of human research analysts and data scientists to review data and for manual verification and to improve the performance of their algorithm.

125.     By surreptitiously viewing, reading, processing, capturing and/or sharing contents of email correspondences with third parties, ZoomInfo has breached this contract. ZoomInfo failed to honor its promise to respect the user's privacy and breached its obligations to the users. Moreover, ZoomInfo unauthorizedly disclosed, disseminated, sold, and otherwise misused without individuals' knowledge or consent, their personal information that ZoomInfo scraped off their email correspondence.

126.     The contract between ZoomInfo and the Class Members requires the Company to not intercept, view, read, process, disclose, or otherwise misuses users' personal information from their email correspondences. By the conduct alleged herein, ZoomInfo has breached this contract and caused the Class Members' private information to be viewed, read, processed, disclosed, and misused.

127.     Plaintiff has a reasonable privacy interest and attach a considerable value to their content and information contained in their email correspondences. The Class Members relied on the representations of ZoomInfo and believed that the content of their email correspondences remains private.

128.     As a result of the conduct by ZoomInfo, Plaintiff has been harmed and have suffered damages by losing the value of their content and information.

**FIFTH CLAIM FOR RELIEF**

**California Invasion of Privacy Act, Cal. Penal Code § 630, et seq.**
**(on Behalf of California Non-Subscriber Class)**

129.     Plaintiff re-alleges and incorporates the preceding allegations of this Complaint with the same force and effect as if fully restated herein.

130.     Under California's Invasion of Privacy Act ("CIPA"), it is unlawful to intentionally,

CLASS ACTION COMPLAINT
CASE NO. _:22-cv-____- ___
32

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
 914-997-0500
www.lowey.com

willfully, and without consent tap or make any unauthorized connection by means of any machine, instrument, or contrivance, or in any other manner with any telegraph or telephone wire, line, cable, or instrument, in order to purposefully intercept a communication or its content that is in transit or passing over any wire, line, or cable, or is being sent from or received within California; and to use, attempt to use, or communicate any such information obtained by these means. *See* Cal. Penal Code § 631.

131.    Pursuant to Cal. Penal Code § 7 and § 632(b), ZoomInfo, as a corporation, is a "person."

132.    Plaintiff and Class Members exchanged electronic communication via their respective email accounts during the Class Period by using their computers, smart phones, tablets, and other electronic devices.

133.    Plaintiff and Class Members reasonably expected that ZoomInfo was not intercepting, viewing, reading, processing, capturing, and/or disseminating their electronic communications transmitted via their electronic devices, including their computers based on: (i) the context in which these private electronic communications occurred, namely personal and professional settings at Plaintiff's home, workplace and other private areas, to which access of all other persons is prohibited absent Plaintiff's consent; (ii) a general understanding of how email communications are transmitted, delivered, and shared, and based on ZoomInfo's own assurances; and (iii) ZoomInfo's status as a party to those electronic communications who was not an intended party to or recipient of Plaintiff's and Class Members' private and confidential electronic communications.

134.    ZoomInfo, through its design, authorship, programming, knowing and intentional installation, activation, and/or other involvement with the Contact Contributor software intentionally, willfully, and without consent, made unauthorized connections with Plaintiff's and Class Members' email accounts to purposefully intercept communications in transit. *See* Cal. Penal Code § 631. The contents were captured, processed, disseminated, or otherwise misused by ZoomInfo.

135.    The contents intercepted include personal information concerning the substance,

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

purport, or meaning of that communication, including, but not limited to, viewing and reading personal information regarding the parties' names, addresses, telephone numbers, email addresses, job titles, job functions and responsibilities, education, social media profiles, and potentially other personal information.

136.    Furthermore, ZoomInfo used, attempted to use, and disseminated the personal information it unlawfully obtained through the use of the Contact Contributor software to third parties, including marketers, recruiters, and advertisers.

137.    Plaintiff and Class Members could not, and did not, provide consent to interception of their electronic communications because they lacked knowledge that such interception was taking place, based on their expectation of privacy in email communications and ZoomInfo's own express and implied representations.

138.    Although ZoomInfo is aware that the contents of Plaintiff's and Class Members' electronic communications were recorded without their knowledge or consent, ZoomInfo has retained, utilized, disseminated, and sold the unlawfully captured information.

139.    As a result of ZoomInfo's violations of CIPA, Plaintiff and Class Members have suffered harm and injury, including but not limited to the invasion of their privacy rights.

140.    ZoomInfo is able to destroy the unauthorized recordings of Plaintiff's and the Class Members' electronic communications, and to implement functionality sufficient to prevent unauthorized capturing of Plaintiff's and Class Members' electronic communication in the future, and the Court should require that it does so.

141.    As an actual and proximate result of the above actions, Plaintiff and Class members have been injured and suffered actual damages in an amount to be determined at trial. For each violation of CIPA by ZoomInfo, Plaintiff and Class members are entitled to damages pursuant California Penal Code § 637.2 of $5,000 or three times the amount of their actual damages (at their election). *See* Cal. Penal Code § 637.2. Plaintiff and Class members are also entitled to injunctive relief, including, but not limited to, an order: (1) prohibiting ZoomInfo from collecting and then

CLASS ACTION COMPLAINT
CASE NO. _:22-cv-____- ___
34

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

disclosing their and the Class's personal information; (2) requiring it to inform existing and potential consumers of its Contact Contributor program, including its very existence and true nature; and (3) requiring it to disable the Contact Contributor until consumers affirmatively consent (or opt in) to its use.

## SIXTH CLAIM FOR RELIEF

### Intrusion Upon Seclusion
### (on Behalf of California Non-Subscriber Class)

142.   Plaintiff re-alleges and incorporates the preceding allegations of this Complaint with the same force and effect as if fully restated herein.

143.   Plaintiff asserting claims for intrusion upon seclusion must plead (1) that the defendant intentionally intruded into a place, conversation, or matter as to which plaintiff had a reasonable expectation of privacy; and (2) that the intrusion was highly offensive to a reasonable person.

144.   ZoomInfo's collection, sharing, and selling practices, specifically Contact Contributors' scanning, reading, and viewing personal information in electronic email communications between Subscribers and third parties without their consent, constituted an intentional intrusion upon the Plaintiff and Class Members' solitude or seclusion, in which ZoomInfo effectively placed itself in the middle of the email correspondences, to which it was not anticipated, invited, welcomed, or authorized.

145.   Plaintiff and Class Members did not consent to, authorize, or know about ZoomInfo's intrusion at the time it occurred. Plaintiff and Class Members never agreed or consented that ZoomInfo would intercept, view, read, process, disclose, or otherwise misuse users' information from their email correspondences and never agreed or authorized such surreptitiously collected information to subsequently be disclosed, disseminated, shared, sold, or misused.

146.   ZoomInfo's intentional intrusion on Plaintiff's and Class Members' solitude or seclusion without consent would be highly offensive to a reasonable person. Plaintiff and Class Members reasonably expected, based on a general understanding, and based on ZoomInfo's own assurances, that ZoomInfo did not capture, access, view, read, or scan personal information contained

CLASS ACTION COMPLAINT
CASE NO. _:22-cv-____-___
35

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

1   in users' electronic communications.

2       147.   ZoomInfo's intentional intrusion into Plaintiff's and Class Members' private

3   conversations was highly offensive to a reasonable person's privacy interest in that it violated federal

4   and state criminal and civil laws designed to safeguard individual privacy.

5       148.   The surreptitious taking and disclosure of personal, confidential, and private

6   information from hundreds of thousands of individuals was highly offensive because it violated

7   expectations of privacy that have been established by general social norms. Privacy polls and studies

8   consistently show that the overwhelming majority of Americans believe one of the most important

9   privacy rights is the need for an individual's affirmative consent before personal data is harvested

10  or shared.

11      149.   ZoomInfo intentionally engages in the misconduct alleged herein to improve its

12  database of business entities and individuals, for ZoomInfo's own financial benefit by selling access

13  to its database to customers who then use that information to target personalized advertising to users,

14  and to generate substantial profit.

15      150.   As a result of ZoomInfo's actions, Plaintiff and Class Members have suffered harm

16  and injury, including but not limited to the invasion of their privacy rights.

17      151.   Unwanted access to data by electronic or other covert means, in violation of the law

18  or social norms is actionable under California law.

19      152.   Plaintiff and Class Members have been damaged as a direct and proximate result of

20  ZoomInfo's invasion of their privacy and are therefore entitled to just compensation.

21      153.   Plaintiff and the Class seek appropriate relief for that injury, including but not limited

22  to damages that will reasonably compensate Plaintiff and Class Members for the harm to their privacy

23  interests as well as disgorgement of profits made by ZoomInfo as a result of its repeated and

24  unscrupulous intrusions upon Plaintiff's and Class Members' privacy.

25

26                          **SEVENTH CLAIM FOR RELIEF**

27                              **Invasion of Privacy**
                     **Art. I, Sec. 1 of the California Constitution**

28  CLASS ACTION COMPLAINT                                      Lowey Dannenberg, P.C.
    CASE NO. _:22-cv-____- ___                                  44 South Broadway, Suite 1100
    36                                                          White Plains, NY 10601
                                                                914-997-0500
                                                                www.lowey.com

**(on Behalf of California Non-Subscriber Class)**

154.    Plaintiff re-alleges and incorporates the preceding allegations of this Complaint with the same force and effect as if fully restated herein.

155.    Article I, section 1 of the California Constitution provides: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." Art. I., Sec. 1, Cal. Const.

156.    To state a claim for invasion of privacy under the California Constitution, a plaintiff must establish (1) a legally protected privacy interest; (2) a reasonable expectation of privacy; and (3) an intrusion so serious in nature, scope, and actual or potential impact as to constitute an egregious breach of the social norms.

157.    The right to privacy in California's constitution creates a right of action against private and government entities.

158.    ZoomInfo has intruded upon Plaintiff's and Class Members' legally protected privacy interests, including, *inter alia*: (i) interests in precluding the dissemination or use of confidential information ("informational privacy"); (ii) interests in making intimate personal decisions or conducting personal activities without observation, intrusion, or interference ("autonomy privacy"); (iii) the Wiretap Act as alleged herein; and (iv) the Community Edition Terms of Use and other ZoomInfo's public assurances that ZoomInfo does not capture, access, view, read, or scan personal information contained in users' electronic communications, in violation of ZoomInfo's own express and implied representations.

159.    The personal information, which ZoomInfo intercepted, viewed, read, processed, disclosed, or otherwise used without Plaintiff's and Class Members' authorization and/or consent includes her full name, place of employment, her position, years of experience and her contact information, including her cell phone number. Plaintiff and Class Members had a legally protected informational privacy interest in the personal information as well as an autonomy privacy interest in conducting their personal activities without observation, intrusion, or interference.

CLASS ACTION COMPLAINT
CASE NO. _:22-cv-____- ___
37

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
 914-997-0500
www.lowey.com

160.    Plaintiff and Class Members have a reasonable expectation of privacy under the circumstances in that: (i) Defendants' invasion of privacy occurred in the context of non-public electronic email communication between Plaintiff and Class Members and to the exclusion of everyone else; (ii) Plaintiff and Class Members did not consent or otherwise authorize ZoomInfo to intercept, view, read, process, discloses, or otherwise misuse users' personal information; (iii) Plaintiff and Class Members could not reasonably expect that ZoomInfo would commit acts in violation of federal and state civil and criminal laws protecting privacy; (iv) ZoomInfo affirmatively assured Plaintiff and Class Members it would not capture, access, view, read, or scan personal information contained in users' electronic communications, and subsequently disclose, disseminate, share, sell, and misuse such private information to third parties, including marketers, recruiters, and advertisers and for its own commercial benefit.

161.    ZoomInfo's actions constituted a serious invasion of privacy that would be highly offensive to a reasonable person in that: (i) the invasion occurred within a zone of privacy protected by the California Constitution, namely, the collection and stockpiling of unnecessary information by businesses without consent, and the misuse of information gathered for one purpose in order to serve other purposes; (ii) the invasion deprived Plaintiff and Class Members of the ability to control circulation of personal information, which is considered fundamental to the right to privacy; and (iii) the invasion violated several federal and state criminal laws.

162.    ZoomInfo's invasion violated the privacy rights of hundreds of thousands, if not millions, of Class Members, including Plaintiff, without their authorization or consent. Committing criminal acts against hundreds of thousands of Class Members, including Plaintiff, constituted an egregious breach of social norms.

163.    The surreptitious and unauthorized interception, viewing, reading, processing, disclosing, or otherwise misusing users' personal information of hundreds of thousands of Class Members, including Plaintiff's, personal information constituted an egregious breach of social norms.

164.    ZoomInfo intentionally engages in the misconduct alleged herein to improve its

CLASS ACTION COMPLAINT
CASE NO. _:22-cv-____- ___
38

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
 914-997-0500
www.lowey.com

1    database of business entities and professionals for its own financial benefit, and to generate

2    substantial profit.

3        165.    As a result of ZoomInfo's actions, Plaintiff and Class Members have been damaged

4    as a direct and proximate result of ZoomInfo's invasion of their privacy and are entitled to

5    just compensation.

6        166.    Plaintiff and the Class seek appropriate relief for that injury, including but not limited

7    to damages that will reasonably compensate Plaintiff and Class Members for the harm to their privacy

8    interests as well as disgorgement of profits made by ZoomInfo as a result of its intrusions upon

9    Plaintiff's and Class Members' privacy.

10                            **EIGHTH CLAIM FOR RELIEF**

11               **Violation of the California Unfair Competition Law**
                 **Cal. Business & Professions Code §17200, *et seq.***
12               **(on Behalf of California Non-Subscriber Class)**

13       167.    Plaintiff re-alleges and incorporates the preceding allegations of this Complaint with

14   the same force and effect as if fully restated herein.

15       168.    The UCL protects consumers and competitors by promoting fair competition in

16   commercial markets for goods and services.

17       169.    The UCL prohibits any unlawful, unfair, or fraudulent business act or practice,

18   including the employment of any deception, fraud, false pretense, false promise, misrepresentation,

19   or the concealment, suppression, or omission of any material fact.

20       170.    Defendants violated the UCL by engaging in unlawful, unfair, and fraudulent business

21   acts or practices.

22       171.    ZoomInfo engaged in business acts and practices deemed "unlawful" under the UCL,

23   because, as alleged above, ZoomInfo unlawfully intercepted, viewed, read, captured, disseminated,

24   and otherwise misused Plaintiff's and Class Members' email communications without consent in

25   violation of federal and state laws and statutes.

26       172.    ZoomInfo also engaged in business acts or practices deemed "unfair" under the UCL

27

28   CLASS ACTION COMPLAINT
     CASE NO. _:22-cv-____- ___                                    Lowey Dannenberg, P.C.
     39                                                            44 South Broadway, Suite 1100
                                                                   White Plains, NY 10601
                                                                    914-997-0500
                                                                   www.lowey.com

1    because, as alleged above, ZoomInfo failed to disclose during the Class Period that ZoomInfo was

2    intercepting, viewing, reading, capturing, disseminating , and otherwise misusing Plaintiff's and Class

3    Members' email communications without their consent. Unfair acts under the UCL have been

4    interpreted using three different tests: (1) whether the public policy which is a predicate to a consumer

5    unfair competition action under the unfair prong of the UCL is tethered to specific constitutional,

6    statutory, or regulatory provisions; (2) whether the gravity of the harm to the consumer caused by the

7    challenged business practice outweighs the utility of the defendant's conduct; and (3) whether the

8    consumer injury is substantial, not outweighed by any countervailing benefits to consumers or

9    competition, and is an injury that consumers themselves could not reasonably have avoided.

10   Defendants' conduct is unfair under each of these tests.

11           173.    With respect to the first test regarding unfair acts under the UCL, ZoomInfo's conduct

12   offends the public policy considerations of the various federal and state statutes, as well as state

13   constitutional provisions, referenced above. As to the second test, the gravity of the harm of

14   ZoomInfo's secret intercepting, viewing, reading, capturing, and otherwise misusing of Plaintiff's

15   and Class Members' electronic communications is significant and there is no corresponding benefit

16   to consumers of such conduct. Finally, because Plaintiff and Class Members were completely

17   unaware of ZoomInfo's secret interception, recording and disclosure, they could not have possibly

18   avoided the substantial harm to their privacy interests.

19           174.    Had the Plaintiff known that her electronic communications would be intercepted,

20   viewed, read, captured, and misused, they would not have subscribed to the Community Edition

21   program, would have not relinquished their personal information and would not permit ZoomInfo

22   access to their email accounts, or would have not shared personal information via their electronic

23   communication. Plaintiff and Class Members have a property interest in any personal information

24   they provided via electronic communications. By surreptitiously intercepting, viewing, reading,

25   capturing or otherwise misusing Plaintiff's and Class Members' electronic communications,

26   ZoomInfo has taken property from Plaintiff and Class Members without providing just or

27

28

1  any compensation.

2      175.    Plaintiff, individually and on behalf of the Class, seeks: (1) an injunction enjoining

3  ZoomInfo from engaging in the unlawful conduct alleged in this claim and requiring ZoomInfo to

4  delete all personal information of Plaintiff and Class Members, to cease further interceptions, to

5  implement functionality sufficient to prevent unauthorized interception in the future, to cease

6  disclosing communications of the Plaintiff's and the Class to third parties without prior consent, and

7  other appropriate equitable relief, including but not limited to improving its privacy disclosures and

8  obtaining adequately informed consent.

9  **NINTH CLAIM FOR RELIEF**

10  **Violation of Florida's Deceptive And Unfair Trade Practices Act ("FDUTPA")**
   **Fla. Stat. § 501.201, et seq.**

11  **(on Behalf of Florida Non-Subscriber Class)**

12      176.    Plaintiff re-alleges and incorporates the preceding allegations of this Complaint with

13  the same force and effect as if fully restated herein.

14      177.    Plaintiff and each member of the Class are "consumers" as defined by Fla.

15  Stat § 501.203(7).

16      178.    Defendants through their conduct alleged herein, are engaged in "trade or commerce"

17  as defined by Fla. Stat. § 501.203(8).

18      179.    The FDUTPA was enacted to protect consumers and businesses from unfair methods

19  of competition, unconscionable acts, or practices, and unfair or deceptive acts or practices in the

20  conduct of any trade or commerce.

21      180.    To achieve its purpose, FDUTPA declares as unlawful all unfair methods of

22  competition, unconscionable acts, or practices, and unfair or deceptive acts or practices in the conduct

23  of any trade or commerce.

24      181.    ZoomInfo violated the FDUTPA because their conduct, as alleged herein, is deceptive

25  and unfair.

26      182.    Defendants' conduct is deceptive because it is likely to mislead a reasonable

27

28
        Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

consumer. ZoomInfo seeks to create the impression that it respects Plaintiff's and other Class Members' privacy. ZoomInfo's Terms of Use and Privacy Policy give several explicit assurances that ZoomInfo does not view or read users' email content and that it only extracts Business Information. Similarly, ZoomInfo's Terms of Use guarantees that "no human being reads" users' email as a result of users' participation in the Community Edition. Notwithstanding these express and implied representations, ZoomInfo intercepts, views, reads, and accesses users' electronic email communications, and subsequently discloses, disseminates, sells, and otherwise misuses without individuals' knowledge or consent, their personal information that ZoomInfo scraped off their email correspondence. Besides the Terms of Use, Privacy Policy, ZoomInfo websites, and/or the Privacy Notice, ZoomInfo publishes on its website, numerous other documents, and web pages that purport to describe its practice of collecting, sharing, and selling information collected via its Community Edition Program.

183.   The terms and conditions governing a consumer product are a material term of any transaction in that they directly affect a consumer's choice and conduct in purchasing a product or service. The only way for a ZoomInfo customer to determine what ZoomInfo is actually doing with their emails and the information contained therein is to sort through dozens of different documents spread across several web pages and somehow piece together a "contract" from various portions of one or more of these documents. Even if a ZoomInfo user manages to locate all of the relevant documents, ZoomInfo's description of what it does with its users' emails and the contents thereof are confusing, incomplete, and sometimes contradictory.

184.   ZoomInfo also fails to inform individuals that ZoomInfo does, in fact, view the entirety of Subscribers' incoming and outgoing communications to extract and include information in their database. This is also true for unsuspecting non-users, who never subscribed or interacted with ZoomInfo and have no way of knowing, and thus consenting to ZoomInfo's interception.

185.   Defendants' failure to disclose these material terms as well as Defendants' failure to gain consumer consent to allow Defendants to view, read, process, capture and/or share email

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

correspondence with third parties without their consent or knowledge, deceived consumers into believing they were not compromising their private information.

186.    Had Defendants disclosed to consumers that their Contact Contributor Software helped create ZoomInfo's database by parsing of email content, and that consumer's private and confidential email content would be viewed, read, processed, captured and/or shared without consumer consent and knowledge, consumers would not have installed Contact Contributor. The data of Florida Non-Subscriber Subclass would not have been viewed, read, processed, captured and/or shared with third parties merely by exchanging email correspondence with Subscribers.

187.    Defendants' conduct is unfair because it offends established public policy and is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

188.    Defendants', by surreptitiously viewing, reading, processing, capturing and/or sharing, and selling of the email correspondence, which are private and hold a reasonable expectation of privacy, to third parties, including marketers, recruiters, and advertisers without their consent or knowledge, prevents the Florida Non-Subscriber Subclass from avoiding ZoomInfo's data collection, sharing, and selling practices and from protecting their right to privacy and their right to control the dissemination of their personal information.

189.    ZoomInfo knew or had reason to know that the Florida Non-Subscriber Subclass could not have reasonably known or discovered the existence of such surreptitiously monitoring, collecting, and reading consumer's private and confidential emails and other information, without disclosure by ZoomInfo.

190.    Defendants' conduct caused direct harm to the privacy rights of the Florida Subclass and harmed their ability to control the dissemination of their private and confidential information.

191.    Pursuant to Fla. Stat. § 501.211, Plaintiff seeks an order (1) requiring Defendants to cease the deceptive and unfair practices described herein; (2) requiring Defendants to pay damages to Plaintiff and the Florida Non-Subscriber Subclass; and (3) awarding attorney's fees and court costs.

**TENTH CLAIM FOR RELIEF**

CLASS ACTION COMPLAINT
CASE NO. _:22-cv-____- ___
43

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
 914-997-0500
www.lowey.com

**Violation Of N.Y. Gen. Bus. Law §§ 349 & 350**
**(on Behalf of New York Non-Subscriber Class)**

192.   Plaintiff re-alleges and incorporates the preceding allegations of this Complaint with the same force and effect as if fully restated herein.

193.   N.Y. Gen. Bus. Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state.

194.   N.Y. Gen. Bus. Law § 350 declares as unlawful false advertising in the conduct of any business, trade, or commerce or in the furnishing of any service in this state.

195.   Defendants' conduct as alleged herein is covered under New York Gen. Bus. Law §§ 349 and 350 because such conduct is properly defined as consumer-oriented conduct.

196.   Defendants' omission regarding the surreptitious capturing, accessing, viewing, reading, or scanning of individuals' personal information and its subsequent unauthorized disclosure, dissemination, sharing, sale, and misuse of such personal information to third parties, including marketers, recruiters, and advertisers, deceives consumers at large and has invaded the privacy rights of millions of consumers and other people.

197.   Defendants violated N.Y. Gen. Bus. Law §§ 349 & 350 by engaging in conduct that is likely to mislead a reasonable consumer.

198.   The terms and conditions governing a consumer product are a material term of any transaction in that they directly affect a consumer's choice and conduct in purchasing a product or service.

199.   Despite the importance of terms and conditions in consumer purchase decisions, Defendants do not disclose that ZoomInfo captures, accesses, views, reads, or scans personal information contained in users' email communications, in violation of ZoomInfo's own express and implied representations. ZoomInfo fails to inform third parties who never subscribed or interacted with ZoomInfo and have no way of knowing or consenting to ZoomInfo's interception, or knowing that ZoomInfo does, in fact, view the entirety of Subscribers' incoming and outgoing communications to continuously build and improve their database. On the contrary, ZoomInfo highlights, in their

CLASS ACTION COMPLAINT
CASE NO. _:22-cv-____- ___
44

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
 914-997-0500
www.lowey.com

Terms and Conditions that "No human being reads your email because of your use of Community Edition."

200.    ZoomInfo's failure to disclose these material terms as well as Defendants' failure to gain consumer consent for their Contact Contributor to scan, read, or otherwise review the contents of their email correspondence with third parties deceived consumers into believing they were not compromising their confidential/private information.

201.    Had ZoomInfo disclosed to consumers that their Contact Contributor Software employed viewing, reading, processing, capturing and/or sharing the content of their email correspondences and extracting personal information, without their consent and knowledge, consumers would not have installed Defendants' Software. Therefore, private and confidential information of the New York Subclass would not have been comprised by their email correspondences with users of Community Edition.

202.    ZoomInfo's conduct is unfair because it offends established public policy and is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

203.    ZoomInfo, by surreptitiously viewing, reading, processing, capturing and/or sharing email correspondences of unsuspecting third parties, without their knowledge and consent, in which they had a reasonable expectation of privacy, prevents Members of the New York Non-Subscriber Subclass from avoiding ZoomInfo's data collection, sharing, and selling practices and from protecting their right to privacy and their right to control the dissemination of their personal information.

204.    ZoomInfo's conduct caused direct harm to the privacy rights of the New York Non-Subscriber Subclass and harmed their ability to control the dissemination of their private and confidential information.

205.    Pursuant to N.Y. Gen. Bus. Law § 349(h), Plaintiff seeks an order (1) requiring Defendants to cease the deceptive and unfair practices described herein; (2) requiring Defendants to pay damages to Plaintiff and New York Non-Subscriber Subclass or $50 dollars to Plaintiff and each such class member, whichever is greater; (3) treble damages for Defendants knowing and willful

CLASS ACTION COMPLAINT
CASE NO. _:22-cv-____- ___
45

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
 914-997-0500
www.lowey.com

violations; and (4) awarding attorney's fees and court costs.

## ELEVENTH CLAIM FOR RELIEF

### Violations of the Illinois Consumer Fraud and Deceptive Business Practices Act
### 815 Ill. Comp. stat. Ann. §§ 505 et seq.
### (On Behalf of Illinois Non-Subscriber Class)

206.   Plaintiff re-alleges and incorporates the preceding allegations of this Complaint with the same force and effect as if fully restated herein.

207.   ZoomInfo is a "person" as defined by 815 Ill. Comp. Stat. Ann. §§ 505/1(c). Plaintiff is a  consumers as defined by 815 Ill. Comp. Ann. §§ 505/1(e).

208.   ZoomInfo's deceptive, unfair, and unlawful trade acts or practices are in violation of 815 Ill. Comp. Stat. Ann. §§ 505/2.

209.   Defendants' omission regarding the surreptitious viewing, reading, processing, capturing and/or sharing of consumer's private and confidential email correspondence and by selling or otherwise disclosing that information to third parties without consumer consent or knowledge deceives consumers at large, and has invaded the privacy rights of millions of consumers and other people.

210.   Defendants violated 815 Ill. Comp. Stat. Ann. §§ 505 et seq. by engaging in conduct that is likely to mislead a reasonable consumer. ZoomInfo seeks to create the impression that it respects Plaintiff's and other Class Members' privacy. ZoomInfo's Terms of Use and Privacy Policy purport to explain to users what information ZoomInfo views, reads, and captures after users subscribe for its free Community Edition program. The Privacy Policy gives several explicit assurances that ZoomInfo does not view or read users' email content and that it only extracts "business information," such as signature blocks within email messages and headers of users' emails. Similarly, ZoomInfo's Terms of Use expressly guarantees that "no human being reads" users' email as a result of users' participation in the Community Edition program and that only business contact information and metadata from the email header are extracted into ZoomInfo's database.

211.   Besides the Terms, Privacy Policy, ZoomInfo websites, and/or the Privacy Notice, ZoomInfo publishes on its website numerous other documents and pages that purport to describe its

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

practice of collecting, sharing, and selling information collected via its Community Edition Program. The only way for a ZoomInfo customer to determine what ZoomInfo is actually doing with their emails and the information contained therein is to sort through dozens of different documents spread across several web pages, and somehow piece together a "contract" from various portions of one or more of these documents. Even if a ZoomInfo user manages to locate all of the relevant documents, ZoomInfo's description of what it does with its users' emails and the contents thereof are confusing, incomplete, and sometimes contradictory.

212.    Plaintiff and Class Members reasonably expected that ZoomInfo was not intercepting, viewing, reading, processing, capturing, and/or disseminating their electronic communications transmitted via their electronic devices, including their computers.

213.    Notwithstanding these representations, ZoomInfo intercepts, views, reads, processes, discloses, or otherwise misuses users' personal information. ZoomInfo also engages in unauthorized disclosure, dissemination, sale of such personal information to marketers, recruiters, and advertisers. Importantly, ZoomInfo employs a team of in-house human analysts and data scientists to verify the collected information and improve the performance of their algorithm.

214.    The terms and conditions governing a consumer product are a material term of any transaction in that they directly affect a consumer's choice and conduct in purchasing a product or service.

215.    Despite the importance of terms and conditions in consumer purchase decisions, Defendants do not disclose that email correspondence of the consumers would be viewed, read, processed, captured and/or shared by ZoomInfo with third parties without their consent or knowledge and that they use human research and verification.

216.    Defendants' failure to disclose these material terms as well as Defendants' failure to gain consumer consent to allow Defendants to view, read, process, capture and/or share the content of email correspondence by use of their algorithms as well as human reviewers, deceived consumers into believing they were not compromising their private information.

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

217.    Had Defendants disclosed to Class Members that Contact Contributor Software collected private information from scraping email correspondences, consumers would not have used Community Edition. The private and confidential information of the Illinois Subclass would not have been comprised by their email correspondences with users of Community Edition.

218.    Defendants' conduct is unfair because it offends established public policy and is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

219.    Defendants by surreptitiously viewing, reading, processing, capturing. and sharing private and confidential electronic correspondence with third parties without consumer consent or knowledge, prevented Members of the Illinois Subclass from avoiding its data practices and from protecting their privacy rights and their rights to control the dissemination of their own personal information.

220.    Defendants' conduct caused direct harm to the privacy rights of the Illinois Subclass and harmed their ability to control the dissemination of their private and confidential information.

221.    Plaintiff's personal content was exploited without informed consent and Accordingly, Plaintiff is entitled to part of ZoomInfo's profits that were generated by their personal content without their consent or knowledge.

222.    Plaintiff seeks all monetary and non-monetary relief allowed by law, including damages, punitive damages, injunctive relief, and reasonable attorneys' fees and costs.

### TWELFTH CLAIM FOR RELIEF

### Violation of Connecticut's Unfair Trade Practices Act ("CUTPA")

### Conn. Gen. Stat. § 42-110a *et seq*.
### (on Behalf of Connecticut Non-Subscriber Class)

223.    Plaintiff re-alleges and incorporates the preceding allegations of this Complaint with the same force and effect as if fully restated herein.

224.    Defendants' actions as above described constitute unfair or deceptive act or practices in violation of CUTPA, Conn. Gen. Stat. § 42-110(b)a in conduct of trade or commerce.

225.    ZoomInfo violated the CUTPA because their conduct, as alleged herein, is deceptive

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

and unfair.

226.   Defendants' conduct is deceptive because it is likely to mislead a reasonable consumer. ZoomInfo seeks to create the impression that it respects Plaintiff's and other Class Members' privacy. ZoomInfo's Terms of Use and Privacy Policy give several explicit assurances that ZoomInfo does not view or read users' email content and that it only extracts Business Information. Similarly, ZoomInfo's Terms of Use guarantees that "no human being reads" users' email as a result of users' participation in the Community Edition. Notwithstanding these express and implied representations, ZoomInfo intercepts, views, reads, and accesses users' electronic email communications, and subsequently discloses, disseminates, sells, and otherwise misuses without individuals' knowledge or consent, their personal information that ZoomInfo scraped off their email correspondence. Besides the Terms of Use, Privacy Policy, ZoomInfo websites, and/or the Privacy Notice, ZoomInfo publishes on its website, numerous other documents, and web pages that purport to describe its practice of collecting, sharing, and selling information collected via its Community Edition Program.

227.   The terms and conditions governing a consumer product are a material term of any transaction in that they directly affect a consumer's choice and conduct in purchasing a product or service. The only way for a ZoomInfo customer to determine what ZoomInfo is actually doing with their emails and the information contained therein is to sort through dozens of different documents spread across several web pages and somehow piece together a "contract" from various portions of one or more of these documents. Even if a ZoomInfo user manages to locate all of the relevant documents, ZoomInfo's description of what it does with its users' emails and the contents thereof are confusing, incomplete, and sometimes contradictory.

228.   ZoomInfo also fails to inform individuals that ZoomInfo does, in fact, view the entirety of Subscribers' incoming and outgoing communications to extract and include information in their database. This is also true for unsuspecting non-users, who never subscribed or interacted with ZoomInfo and have no way of knowing, and thus consenting to ZoomInfo's interception.

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

229.    Defendants' failure to disclose these material terms as well as Defendants' failure to gain consumer consent to allow Defendants to view, read, process, capture and/or share email correspondence with third parties without their consent or knowledge, deceived consumers into believing they were not compromising their private information.

230.    Had Defendants disclosed to consumers that their Contact Contributor Software helped create ZoomInfo's database by parsing of email content, and that consumer's private and confidential email content would be viewed, read, processed, captured and/or shared without consumer consent and knowledge, consumers would not have installed Contact Contributor. The data of Connecticut Non-Subscriber Subclass would not have been viewed, read, processed, captured and/or shared with third parties merely by exchanging email correspondence with Subscribers.

231.    Defendants' conduct is unfair because it offends established public policy and is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

232.    Defendants', by surreptitiously viewing, reading, processing, capturing and/or sharing, and selling of the email correspondence, which are private and hold a reasonable expectation of privacy, to third parties, including marketers, recruiters, and advertisers without their consent or knowledge, prevents the Connecticut Non-Subscriber Subclass from avoiding ZoomInfo's data collection, sharing, and selling practices and from protecting their right to privacy and their right to control the dissemination of their personal information.

233.    ZoomInfo knew or had reason to know that the Connecticut Non-Subscriber Subclass could not have reasonably known or discovered the existence of such surreptitiously monitoring, collecting, and reading consumer's private and confidential emails and other information, without disclosure by ZoomInfo.

234.    The foregoing unfair and deceptive practices directly, foreseeably and proximately caused Plaintiff and the Class to suffer loss and substantial injury and the Plaintiff and the Class are entitled to recover damages and appropriate relief, as requested below.

### THIRTEENTH CLAIM FOR RELIEF

CLASS ACTION COMPLAINT
CASE NO. _:22-cv-____- ___
50

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

1

**Request for Relief under the Declaratory Judgment Act**
**28 U.S.C. §2201, et seq.**
**(on Behalf of All Classes)**

2

3      235.    Plaintiff re-alleges and incorporates the preceding allegations of this Complaint with

4  the same force and effect as if fully restated herein.

5      236.    Under the Declaratory Judgment Act, 28 U.S.C. §§2201, *et seq.*, this Court is

6  authorized to enter a judgment declaring the rights and legal relations of the parties and grant further

7  necessary relief. Furthermore, the Court has broad authority to restrain acts, such as here, that are

8  tortious and that violate the terms of the federal and state statutes described in this complaint.

9      237.    An actual controversy has arisen in the wake of Defendants' intercepting, viewing,

10  reading, capturing, and misusing of Plaintiff's and Class Members' communications without their

11  consent as alleged herein in violation of Defendants' common law and statutory duties.

12      238.    Plaintiff continues to suffer injury and damages as described herein as Defendants

13  continue to intercept, view, read, capture, disseminate and misuse Plaintiff's and Class Members'

14  electronic communications.

15      239.    Pursuant to its authority under the Declaratory Judgment Act, it is respectfully

16  requested that this Court enter a judgment declaring, among other things, the following:

17          a.    Defendants continue to owe a legal duty to not intercept, view, read, capture

18          disseminate, and otherwise misuse Plaintiff's and Class Members' electronic communications

19          under federal and state law, as alleged here;

20          b.    Defendants continue to be in breach of their contract with Plaintiff and

21          members of the Classes;

22          c.    Defendants continue to breach their legal duties and be in breach of their

23          contract with Plaintiff and Class Members by continuing to intercept, view, read, capture,

24          disseminate, and misuse Plaintiff's and Class Members' electronic communications; and

25          d.    Defendants' ongoing breaches of their legal duties and breach of contract

26          continue to cause Plaintiff and Class Members harm.

27

28

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
 914-997-0500
www.lowey.com

240.    Further, it is respectfully requested that this Court should also issue corresponding injunctive relief, including but not limited to enjoining ZoomInfo from engaging in the unlawful conduct alleged in this claim and requiring ZoomInfo to delete all recordings of Class Members, to cease further interception, and to implement functionality sufficient to prevent unauthorized interception in the future, and other appropriate equitable relief, including but not limited to improving its privacy disclosures and obtaining adequately informed consent.

241.    If an injunction is not issued, Plaintiff will suffer irreparable injury and lack an adequate legal remedy in the event of Defendants' ongoing conduct

242.    Federal and state laws prohibit, among other things, interception, recording, disclosure, and other misuse of confidential communications without consent, including those occurring in electronic communication. California specifically recognizes privacy as a fundamental right. Given that ZoomInfo admits that it continues to intercept, view, read, capture, and misuse personal information, the risk of continued violations of federal and state law is real, immediate, and substantial. Plaintiff does not have an adequate remedy at law because many of the resulting injuries are reoccurring and Plaintiffs will be forced to bring multiple lawsuits to rectify the same conduct.

243.    The hardship to Plaintiff and the Class if an injunction is not issued exceeds the hardship to Defendants if an injunction is issued. On the other hand, the cost to Defendants of complying with an injunction by complying with federal and state laws and by ceasing to engage in the misconduct alleged herein is relatively minimal, and Defendants have a pre-existing legal obligation to avoid invading the privacy rights of consumers.

244.    Issuance of the requested injunction will serve the public interest by preventing ongoing intercepting, viewing, reading, capture, and misuse of personal electronic communications without consent, thus eliminating the injuries that would result to Plaintiff and the Classes, and the potentially hundreds of thousands of consumers who subscribed to Community Edition program or those who corresponded with members of the Subscriber Class.

**VIII.    PRAYER FOR RELIEF**

CLASS ACTION COMPLAINT
CASE NO. _:22-cv-____- ___
52

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com

WHEREFORE, Plaintiff on behalf of themselves and the proposed Classes respectfully request that the Court enter an order:

A.      Certifying this case as a class action on behalf of the Classes defined above, appointing Plaintiff as representatives of the Classes, and appointing their counsel as class counsel;

B.      Declaring that ZoomInfo's actions, as set out above, violate the Wiretap Act cited herein;

C.      Declaring that ZoomInfo's actions, as set out above, violate Washington's consumer and privacy laws cited herein;

D.      Declaring that ZoomInfo's actions, as set out above, violate California's privacy laws cited herein;

E.      Declaring that ZoomInfo's actions, as set out above, violate California's Bus. & Prof. Code cited herein;

F.      Declaring that ZoomInfo's actions, as set out above, violate Florida's consumer laws cited herein;

G.      Declaring that ZoomInfo's actions, as set out above, violate New York's consumer laws cited herein;

H.      Declaring that ZoomInfo's actions, as set out above, violate Illinois' consumer and privacy laws cited herein;

I.      Declaring that ZoomInfo's actions, as set out above, constitute breach of contract;

J.      Declaring that ZoomInfo's actions, as set out above, violate Connecticut's consumer laws cited herein

K.      Requiring ZoomInfo to delete all personal information of Members of the Class, cease further recording, and implement functionality to prevent further interception of the Class's electronic communication without prior consent, and to cease disclosing communications of the Class to third parties without prior consent;

L.      Requiring ZoomInfo to undertake measures to cure the harm caused to the Class by its

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
 914-997-0500
www.lowey.com

wrongdoing, as alleged herein, including, but not limited to improving its privacy disclosures and obtaining adequately informed consent;

M.     Awarding damages, including nominal and statutory damages, and restitution where applicable, to Plaintiff and the Classes in an amount to be determined at trial;

N.     Awarding Plaintiff and the Classes their costs of suit, including reasonable attorneys' fees and expenses;

O.     Awarding Plaintiff and the Classes pre-and post-judgment interest, to the extent allowable;

P.     Enjoining ZoomInfo from further engaging in the unlawful conduct alleged herein;

Q.     Awarding such other further injunctive and declaratory relief as is necessary to protect the interests of Plaintiff and the Classes; and

R.     Awarding such other and further relief as the Court deems reasonable and just.

## IX. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Dated:     June 21, 2022

*/s  Cynthia Heidelberg*
Cynthia Heidelberg
**BRESKIN JOHNSON & TOWNSEND, PLLC**
1000 Second Avenue, Suite 3670
Seattle, WA 98104
Phone: (206) 652-8660
cheidelberg@bjtlegal.com

*/s  Margaret MacLean*
Margaret MacLean (*pro hac vice forthcoming*)
*/s     Andrea Farah*
Andrea Farah (*pro hac vice forthcoming*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
mmaclean@lowey.com
afarah@lowey.com

CLASS ACTION COMPLAINT
CASE NO. _:22-cv-____- ___
54

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-997-0500
www.lowey.com