The Honorable David G. Estudillo

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

JENNIFER WYSOCKI, ANDREW SIDHU, BETSY KELLOGG, and KEISHA FLEMISTER, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

ZOOMINFO TECHNOLOGIES INC., ZOOMINFO TECHNOLOGIES LLC, ZOOMINFO HOLDINGS LLC, and ZOOMINFO INTERMEDIATE INC.,

Defendants.

Case No. 3:22-cv-05453-DGE

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER STAYING DISCOVERY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(c).

NOTE ON MOTION CALENDAR:  Nov. 11, 2022

ORAL ARGUMENT REQUESTED

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
Case No. 3:22-cv-05453-DGE

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

1       Pursuant to Federal Rule of Civil Procedure 26(c), Defendants ZoomInfo

2 Technologies, Inc., ZoomInfo Technologies LLC, ZoomInfo Holdings LLC, and ZoomInfo

3 Intermediate Inc., respectfully request that this Court issue a protective order under Federal

4 Rule of Civil Procedure 26(c) staying discovery until after the Court rules on Defendants'

5 Motion to Dismiss and Motion to Strike Class Allegations.

6                                **INTRODUCTION**

7       The Second Amended Complaint ("SAC") contains patently implausible claims:

8         • Plaintiffs assert causes of action under the laws of several states from which

9            there is no named plaintiff.

10         • Plaintiffs claim to bring class allegations on behalf of subclasses for which

11            there is no class representative.

12         • Plaintiffs purport to represent classes with irreconcilable conflicts.

13         • Plaintiffs present claims that sound in fraud, alleging that on a day-to-day basis,

14            ZoomInfo operates in direct contradiction to its Terms of Use, Privacy Policy,

15            and public statements, without any supporting factual allegations to meet the

16            requirements of Rule 8, not to mention the more onerous requirements of Rule

17            9(b).

18         • Plaintiffs impermissibly lump all of the Defendants together, group pleading

19            their claims against all of the Defendants without specifying which one is

20            responsible for which act, in violation of Rule 8.

21 All of these infirmities are addressed in Defendants' Motion to Dismiss and their Motion to

22 Strike Class Allegations, filed on October 28, 2022, which if granted *in toto* would resolve the

23 entire case.  However, discovery is set to begin while those motions are pending.  Defendants

24 move the Court to stay discovery under Rule 26(c) pending resolution of Defendants' Motion

25 to Dismiss and Motion to Strike the class allegations because, whatever may be said of cases

26 in which there is a viable debate about the sufficiency of a plaintiff's allegations, here at least

27 certain of Plaintiffs' claims are unquestionably foreclosed.  Until the Court resolves the

28

DEFENDANTS' MOTION FOR A PROTECTIVE
ORDER
Case No. 3:22-cv-05453-DGE

- 1 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

contours of Plaintiffs' claims, proceeding with discovery would be illogical, burdensome, and inefficient, whereas a brief stay would not prejudice Plaintiffs in any way.

## STATEMENT OF FACTS[1]

### A.    Procedural History.

Plaintiffs filed their first Class Action Complaint on June 21, 2022, alleging thirteen causes of action.  Plaintiffs did not serve their original Complaint.  On August 17, 2022, the Court issued an Order setting initial scheduling dates, including a Rule 26(f) conference, a deadline for initial disclosures, and a deadline for a joint status report and discovery plan.  On August 18, 2022, Plaintiffs amended the Complaint, adding a cause of action and another named plaintiff.  Plaintiffs thereafter served their Amended Complaint.

Following service, the parties discussed the timing of upcoming deadlines and Defendants inquired as to Plaintiffs' position concerning a stay of discovery pending resolution of Defendants' forthcoming motions.  Plaintiffs opposed a stay.  Swaminathan Dec. ¶¶ 2–3.  The parties agreed to an extension of time for Defendants to respond to Plaintiffs' allegations, and stipulated to a response date and briefing schedule on Defendants' Motion to Dismiss and Motion to Strike Class Allegations.

On the same day that the parties filed their stipulation, Plaintiffs filed a Second Amended Complaint, adding yet another named Plaintiff and another cause of action. Defendants filed a Motion to Dismiss and a Motion to Strike Class Allegations on October 28, 2022.  Plaintiffs have until December 2, 2022, to respond to these motions, and Defendants' replies are due on December 23, 2022.

During a November 1, 2022, Rule 26(f) conference, Defendants again raised the issue of a stay of discovery pending resolution of the filed motions (though agreed to initial disclosures), inquiring as to Plaintiffs' position concerning a motion to stay discovery; Plaintiffs' counsel advised they would oppose the motion.  Swaminathan Dec. ¶ 4.

---

[1] Unless otherwise noted, the facts in this Motion are drawn from the SAC.  A full recitation of the background of this case is found in Defendants' Motion to Dismiss and Defendants' Motion to Strike Class Allegations.

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
Case No. 3:22-cv-05453-DGE

- 2 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ARGUMENT

### I.   THE SECOND AMENDED COMPLAINT CONTAINS CLAIMS THAT ARE UNVIABLE.

In their Motions to Dismiss and Strike Class Allegations (incorporated herein by reference), Defendants have identified multiple foundational infirmities with the SAC, which are briefly summarized here for ease of reference; the full arguments can be found in the originating papers.

*Classes.*  There are two issues that will necessitate striking Plaintiffs' putative classes. *First*, it is well established that every subclass must have a representative named plaintiff that is a part of that class.  *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 156 (1982) ("We have repeatedly held that a class representative must be part of the class." (quotation marks omitted)); *Betts v. Reliable Collection Agency, Ltd.*, 659 F.2d 1000, 1005–06 (9th Cir. 1981) ("[A] fundamental requirement in the establishment of a subclass is that the representative plaintiff must be a member of the class she wishes to represent.").  Here, the subclasses are defined as extending to Non-Subscriber residents of certain states.  SAC ¶ 76.  Given that the only named Plaintiffs that are Non-Subscribers are residents of Connecticut and Georgia, SAC ¶¶ 20–23, several Non-Subscriber subclasses identified in the SAC (for the states of California, Florida, Illinois, New York, and Washington) are lacking any representative.  *See* Mot. to Strike 7–8.

*Second*, the Subscribers and Non-Subscribers are in an untenably antagonistic position relative to each other because Subscribers agreed and consented to the conduct by Defendants about which the Non-Subscribers now complain.  *See, e.g.*, *Moussouris v. Microsoft Corp.*, 2018 WL 3328418, at *29 (W.D. Wash. 2018) (denying class certification on adequacy grounds due to intraclass conflicts), *aff'd*, 799 F. App'x 459 (9th Cir. 2019); *Cherokee Nation of Olka. v. United States*, 199 F.R.D. 357, 366 (E.D. Okla. 2001) (finding lack of adequate representation when "the named plaintiffs' interests are antagonistic to the claims of the remainder of the class").  Thus, there is a serious question whether *any* of Plaintiffs' class allegations will survive the forthcoming motions.  *See* Mot. to Strike 5–7.

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
Case No. 3:22-cv-05453-DGE

- 3 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

***Substantive Claims.***  Plaintiffs' substantive claims likewise suffer from several serious, overlapping problems.  *First*, and most obviously, all of the state law claims based on laws of states for which there is no named plaintiff should be dismissed.  *See In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1163–64 (N.D. Cal. 2009) ("Where, as here, a representative plaintiff is lacking for a particular state, all claims based on *that* state's laws are subject to dismissal.").  This rule is well-established.  *See, e.g.*, *Frame-Wilson v. Amazon.com, Inc.*, 2022 WL 741878, at *13 (W.D. Wash. 2022) ("dismiss[ing]" claims under laws of states for which there was no named plaintiff); *Brenner v. Vizio, Inc.*, 2018 WL 2229274, at *2–3 (W.D. Wash. 2018) ("Indeed, '[c]ourts routinely dismiss claims where no plaintiff is alleged to reside in a state whose laws the class seeks to enforce.'" (quoting *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 990 (N.D. Cal. 2016))); *Hanson v. MGM Resorts Int'l*, 2017 WL 3085694, at *1 (W.D. Wash. 2017) ("dismiss[ing]" claims from Nevada where only named plaintiff was a Washington resident); *Mollicone v. Universal Handicraft, Inc.*, 2017 WL 440257, at *9 (C.D. Cal. 2017) (similar).

Here, there is no named plaintiff *whatsoever* from New York, Illinois, or Florida. Claims brought under those states' laws should therefore be dismissed.  Moreover, because the California claims are brought only on behalf of the Non-Subscriber subclass, and the only named plaintiff from California claims to be a Subscriber[2] all of the California claims should be dismissed as well.  *See In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1026 (N.D. Cal. 2007) ("A class cannot assert a claim on behalf of an individual that they cannot represent.").  *See* Mot. to Dismiss 7–8.

*Second*, as outlined fully in the Motion to Dismiss, Plaintiffs have failed to adequately plead any of their substantive claims.  *See* Mot. to Dismiss 8–23.

***Defendants.***  Plaintiffs have failed to distinguish among four distinct legal entities: ZoomInfo Technologies, Inc.; ZoomInfo Technologies LLC; ZoomInfo Holdings LLC; and

---

[2] The only named plaintiff from California is allegedly a Subscriber; however, Subscribers consent to application of Washington law. *See* SAC Ex. A, Terms of Use § 13.2.

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
Case No. 3:22-cv-05453-DGE
- 4 -
ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

ZoomInfo Intermediate Inc.  That defies Rule 8, which requires a plaintiff to "identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole."  *Adobe Sys. Inc. v Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015).  "[T]reat[ing] … Defendants as an undifferentiated mass" fails to provide "sufficient particularized allegations" and thus provides "a basis for dismissal." *MFG Universe Corp. v. Next Gen LED, Inc.*, 2022 WL 3028081, at *2 (W.D. Wash. 2022). That is particularly so where, as here, Plaintiffs attach the agreement that identifies the lone defendant (ZoomInfo Technologies LLC) whose conduct is at issue.  *See* Mot. to Dismiss 23–24.

## II.   THE COURT SHOULD STAY DISCOVERY UNTIL IT RULES ON ZOOMINFO'S DISPOSITIVE MOTIONS.

This Court has discretionary power to stay proceedings and control discovery in cases before it.  *See Ozone Int'l, LLC v. Wheatsheaf Grp. US, Inc.*, 2020 WL 6741956, at *1–2 (W.D. Wash. 2020) (staying discovery while motion to dismiss was pending); *Landis v. N.A. Co.*, 299 U.S. 248, 254–55 (1936); *see also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (affirming stay of discovery).  Indeed, upon a showing of good cause, a court may limit or even deny discovery. Fed. R. Civ. P. 26(c).  Pursuant to this power, a court may relieve a party from the burdens of discovery while a dispositive motion is pending.  *See Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (finding that the district court did not abuse its discretion in staying discovery pending the resolution of a Rule 12(b) motion); *see also Petitt v. Altman*, 2022 WL 670921, at *1 (W.D. Wash. 2022) (staying discovery until motion to dismiss was decided); *Silbaugh v. Chao*, 2018 WL 2317555, at *1–2 (W.D. Wash. 2018) (same).

When deciding whether to stay discovery pending the outcome of dispositive motions, courts look to whether moving forward with discovery while the motions are pending would cause "undue burden or expense." Fed. R. Civ. P. 26(c); *see also Neal v. City of Bainbridge Island*, 2021 WL 2105301, at *1 (W.D. Wash. 2021) (granting motion to stay upon a finding

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
Case No. 3:22-cv-05453-DGE

- 5 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

1  that "the expense and burden of discovery is 'undue'").  Against this concern, courts weigh the

2  prejudice of a delay to the plaintiff.  *See id.* at *1 ("[T]he Court must also consider whether

3  plaintiff has shown that she will be prejudiced if a stay is ordered."); *Petitt*, 2022 WL 670921,

4  at *1 (same).

5       ***Undue Burden:***  Given the many foundational problems underlying the SAC, requiring

6  Defendants to begin the discovery process[3] would be an "undue burden."  Rule 26(f)(3)(B)

7  states that the Discovery Plan must include "the subjects on which discovery may be needed."

8  And Rule 26(f)(2) states that at the conference, "the parties must consider the nature and basis

9  of their claims and defenses."  Neither of these undertakings is practicable until Plaintiffs'

10  sprawling, non-viable claims and class allegations are significantly winnowed.  *See Lloyd v.*

11  *Rufener*, 2018 WL 4353268, at *1 (W.D. Wash. 2018) (granting a "temporary stay of

12  discovery" because the pending dispositive motion "might narrow the scope of plaintiffs'

13  claims and thus the appropriate scope of discovery").  Right now, Plaintiffs would be able to

14  pursue discovery against four distinct entities notwithstanding that it is not clear which of them

15  (or if any of them) is responsible for the actions of which Plaintiffs complain.  Indeed,

16  Plaintiffs themselves attach the very document that discloses a *single* entity with which they

17  take issue, suggesting that discovery against all four defendants is not only an undue burden,

18  but entirely unnecessary and irrelevant.  Moreover, there are claims under the laws of several

19  states that fail—obviously and facially.  *See Neal*, 2021 WL 2105301, at *1 (noting an absence

20  of "showing that discovery is necessary to meet defendant's motion to dismiss").

21       Moreover, Plaintiffs' claims are grounded in fraud because they allege that ZoomInfo

22  misrepresents to its customers what the Contact Contributor program does on Subscribers'

23  

---

[3] The Court's August 17, 2022, Scheduling Order sets a deadline for a Rule 26(f) conference of November 1, 2022.  ECF No. 10.  It requires initial disclosures under Rule 26(a)(1) to be made by November 8, 2022.  *Id.*  And it requires the parties to file a Joint Status Report and Discovery Plan under Rule 26(f) by November 15, 2022.  *Id.*  Defendants do not object to any of these dates at this time and plan to meet all of them.  Rather, Defendants seek to stay the actual beginning of the discovery process while the Motion to Dismiss and Motion to Strike Class Allegations are pending.

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
Case No. 3:22-cv-05453-DGE

- 6 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

computers.  *E.g.*, SAC ¶¶ 11, 125.  Thus, the heightened pleading standard of Rule 9(b) applies.  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003) (holding that claims alleging "a unified course of fraudulent conduct" are subject to Rule 9(b)'s pleading standard); *Hermandez v. Johnson & Johnson*, 2021 WL 320612, at *5 (E.D. Wash. 20210) (applying Rule 9(b) to allegations under the Washington Consumer Protection Act, similar to allegations here); *see also* Mot. to Dismiss 8.  Rule 9(b)'s applicability here weighs heavily in favor of a stay.  As this Court explained, "[i] n order to protect the courts and parties from unwarranted costs, courts are reluctant to permit discovery absent compliance with Rule 9."  *United States v. Ctr. for Diagnostic Imaging, Inc.*, 2010 WL 11682231, at *1–2 (W.D. Wash. 2010).

There are many other claims with serious issues on the merits that warrant dismissal, all of which are summarized in Defendants' Motion to Dismiss and Motion to Strike.  Forcing the parties to conduct discovery relevant to those claims is improper and wasteful.  Plaintiffs could, for instance, pursue discovery pertaining to an entity that had nothing to do with the alleged conduct here.  Or, Plaintiffs could pursue discovery of activities in New York notwithstanding that there is no New York named plaintiff.  Once the Court makes a decision on the dispositive motions, discovery can proceed much more quickly and efficiently, if necessary.

**Prejudice:**  Conversely, a stay will not prejudice Plaintiffs.  *First*, the stay will likely last only several weeks—just until a reasonable period (say 30 days) after the Court rules on the dispositive motions (to the extent claims remain).  *See Lloyd*, 2018 WL 4353268, at *1 ("The stay defendants seek is temporary—only until the Court rules on the pending motion to dismiss.").  Nor are there any deadlines set yet on the back end of discovery, and so a stay would not shorten the length of time Plaintiffs might have to gather evidence in support of a potential class certification motion or motion for summary judgment.  *Cf. Garner v. Amazon.com, Inc.*, 2022 WL 716840, at *1 (W.D. Wash. 2022) ("In addition, the parties have less than ten months to complete fact discovery.  A delay of unknown length at the start of

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
Case No. 3:22-cv-05453-DGE

- 7 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

discovery would likely prejudice plaintiffs' ability to support their class certification motion, which is due in January 2023."). Defendants are moving for a stay in parallel with filing of dispositive motions to give Plaintiffs and the Court plenty of time to set an overall schedule for this case that allows for discovery once the Court has determined what claims remain (if any). *See Top Rank, Inc. v. Haymon*, 2015 WL 9952887, at *3 (C.D. Cal. 2015) ("[I]n the extremely unlikely event that the brief stay prevents Top Rank from meeting the deadlines set in the Court's Scheduling and Case Management Order, the Court will consider continuing those deadlines"); *cf. Gragg v. Orange CAB Co., Inc.*, 2012 WL 12864945, at *1–2 & n.1 (W.D. Wash. 2012) (denying stay where defendants filed a motion to dismiss "three months after discovery had begun").

  *Second*, Plaintiffs' actions have not indicated that they apprehend any prejudice from delay. Plaintiffs waited almost two-and-a-half months to serve the Complaint, from June 21, 2022, until September 1, 2022, and discovery could not have begun until at the earliest November 1. It is therefore difficult to imagine how Plaintiffs could be prejudiced by waiting just a short period longer—until 30 days after the Court rules on Defendant's pending Motion to Dismiss and Motion to Strike—so that the parties can know the actual contours of the case. *Cf. Top Rank*, 2015 WL 9952887, at *3 (noting that the court should consider "the interests of the plaintiff in *proceeding expeditiously with the civil action*" (emphasis added)).

### CONCLUSION

  Defendants respectfully requests that the Court issue a protective order staying discovery until after the Court rules on Defendants' Motion to Dismiss and Motion to Strike Class Allegations

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
Case No. 3:22-cv-05453-DGE
- 8 -
ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

1    Dated: November 3, 2022                    Respectfully Submitted,

2                                               ORRICK, HERRINGTON & SUTCLIFFE LLP

3

4                                               By:   *s/Aravind Swaminathan*

5                                                     Aravind Swaminathan (WSBA No. 33883)
                                                     aravind@orrick.com
6
                                                     701 Fifth Avenue
7                                                     Suite 5600
                                                     Seattle, WA  98104-7097
8                                                     Telephone:  +1 206 839 4300
                                                     Facsimile:  +1 206 839 4301
9

10                                                    Attorneys for Defendants

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28