**LOWEY DANNENBERG**

March 31, 2023

Honorable David G. Estudillo**VIA ECF**
United States District Judge
United States Courthouse
1717 Pacific Avenue, Suite 4410
Tacoma, WA 98402

Re:*Wysocki v. ZoomInfo Technologies, Inc. et al.,* No. 22-cv-5453 (DGE): Joint Discovery Dispute Letter

Dear Judge Estudillo:

Plaintiffs Jennifer Wysocki, Andrew Sidhu, Betsy Kellogg and Keisha Flemister ("Plaintiffs") and Defendants ZoomInfo Technologies, LLC, ZoomInfo Technologies, Inc., ZoomInfo Holdings LLC and ZoomInfo Intermediate Inc. ("Holding Companies," and together with ZoomInfo Technologies LLC, "Defendants," and together with Plaintiffs, "Parties") hereby submit this joint discovery dispute letter, in accordance with Your Honor's directions to the Parties during the March 3, 2023 Status Conference.

On December 2, 2022, this Court issued a limited discovery order (the "Discovery Order"), providing for discovery directed to "(1) which Defendant participated, and how, in activity Plaintiffs claim operates in contradiction to the Terms of Use and Privacy Policy as alleged in the Second Amended Complaint and in contradiction to any Defendant's website; and (2) what, if any, role each named Defendant had in the acts alleged." The purpose being to ascertain, as Plaintiffs requested during the November 23, 2022 conference, "who is the entity responsible for the wrongdoing."

On January 9, 2023, as to each of the four Defendants, Plaintiffs made fifteen requests for production of documents and issued twelve interrogatories. Beyond responding to those, the Holding Companies voluntarily secured and provided Plaintiffs with affidavits, which are attached as Exhibit A. The Parties engaged in a good faith meet and confer regarding various discovery matters, including the below mentioned discovery requests. The Parties met and conferred via telephone and email on at least three occasions, including on February 17, March 2 and March 20, 2023 in an effort to resolve their outstanding discovery issues. Despite these efforts, the Parties have been unable to resolve the following disputes:

www.lowey.com

44 South Broadway, Suite 1100, White Plains, NY 10601-4459 (p) 914-997-0500 (f) 914-997-0035
One Tower Bridge, 100 Front Street, Suite 520, West Conshohocken, PA 19428 (p) 215-399-4770 (f) 610-862-9777

| |
|---|
| 1. **Disputed Document Category (RFP Nos. 1-4; Rog Nos. 1-3):** Documents relating to organizational and corporate structure of each Defendant, including organizational charts and documents identifying directors, officers, business divisions and department heads of each Defendant. This also includes documents relating to business relationship between any director or officer and between any Defendant, including but not limited to indemnification, litigation funding and decision making in day-to-day affairs. |

Plaintiffs' Position:
- This information directly falls under the Discovery Order to identify "which Defendant participated and how." Additionally, the five-sentence declarations submitted by the Holding Companies (*see* Exhibit A) provide no information about whether or to what extent the Holding Companies are aware of, involved in, control, or are liable for any actions taken by ZoomInfo Technologies LLC. During the March 3, 2023 status hearing, Plaintiffs clearly articulated that these were precisely the types of documents they were seeking in order to ascertain the Holding Companies' involvement in the acts alleged in the Complaint. *See* March 3, 2023 Status Hearing Transcript ("Even if ZoomInfo Tech LLC is the operating company, these other entities may be controlling or influencing its actions, or are responsible for the liabilities of their predecessors that may have been taking these actions in the past."). Plaintiffs are not asking the Holding Companies to "prove a negative," but rather, to make representations that fully answers the narrow question of their involvement and interaction with ZoomInfo Technologies LLC during the Class Period. For example, while the Declaration of Anthony Stark on behalf of Zoom Holdings LLC makes the representation that the company "never had any operations or employees and has always acted as a holding company," the declaration made on behalf of ZoomInfo Intermediate Inc. makes no such representation.
- As to ZoomInfo Technologies LLC, the provision of organizational charts showing the business relationship between its divisions is an extremely noncontroversial request that defendant corporations readily comply with. Organizational structure of ZoomInfo Technologies LLC goes directly to its various business divisions' and their heads' involvement in the acts alleged. For example, an organizational chart showing a "Human Data Review Team" has evidentiary value in and of itself in that it tends to indicate the nature of activities that are performed by the company as part of its operations, which are also consistent with the allegations in the Complaint.

Holding Companies' Position:
- The Holding Companies do not operate Community Edition. Because they cannot demonstrate their non-involvement (i.e., prove a negative) through document productions, they prepared affidavits. Those affidavits attest that they have no employees, no operations, and have never operated Community Edition, Contact Contributor or RevOS. That resolves the question upon which discovery was predicated: which entity operates Community Edition. After producing the affidavits, Plaintiffs shifted focus to a control theory. That theory defies black letter law (which presumes corporate separateness) and is far afield from determining which entity "participated" in the acts – i.e., operations of Community Edition. Nonetheless, to address *that* theory, the Holding Companies asked Plaintiffs during recent meet and confer sessions to provide a list of additional information they need that the Holding Companies could

| |
|---|
| address via supplemental affidavits.  Plaintiffs declined the invitation.  Though Defendants believe the affidavits resolve the issue as to all entities (making clear the focus of the case should be on ZoomInfo Technologies LLC), in the spirit of compromise, Defendants, including ZoomInfo Technologies LLC, have provided additional information through written discovery responses.<br>• That the Holding Companies have no employees means they have no organizational charts or internal reporting structures, and no operations means no participation in any of the alleged activities occurred. |
| ZoomInfo Technologies LLC's Position:<br>• The identity of the ZoomInfo Technologies LLC's officers and directors and organizational charts do not help "identify which Defendant participated and how." ZoomInfo Technologies LLC nevertheless provided the names of its officers and directors.  It has also provided the number, titles, and geographic locations of Data Research organization members whose duties include manual verification of business profile information, which includes information collected by Contact Contributor. |
| **2.  Disputed Document Category (RFP Nos. 5-7; Rog No. 4):**  Documents relating to each Defendants' participation in the processes relating to the Community Edition or Contact Contributor, Defendants' platform and its services, and any other tasks relating to the acts alleged in the Complaint. |
| Plaintiffs' Position:<br>• This category of documents seeks to identify which Defendant was engaged in the acts alleged in the Complaint. As such, it falls squarely within the Court's Discovery Order.<br>• To this day, the Holding Companies have not made an unqualified representation that they do not — and have not during the Class Period — participated in any of the acts alleged in the Complaint, nor that they control, or are liable for any actions taken by ZoomInfo Technologies LLC.<br>• As to ZoomInfo Technologies LLC, to date, it has produced a grand total of 28 documents, many of which are its regulatory public filings. This is despite that this Court has clearly instructed ZoomInfo Technologies LLC during the March 3, 2023 hearing to produce documents that it agreed to produce by March 10, 2023. *See* Status Hearing Transcript at 11:21-12:4.  ZoomInfo Technologies LLC produced no substantive documents showing its involvement in the acts alleged in the Complaint. |
| Holding Companies' Position:<br>• Each Holding Company, in response to RFPs 5-7, has represented that it "does not have any responsive documents to this Request because it does not itself participate [in the acts alleged] and [it] does not have any role in the acts alleged."  And as stated in their affidavits, they have no operations or employees and do not operate Community Edition. To the extent Plaintiffs now complain that the representations are not sufficiently clear or "unqualified," again, Defendants invited Plaintiffs during the meet and confer to provide a list of additional information they need that the Holding Companies could address via affidavit.  No additional discovery is needed to "identify which Defendant" operates Community Edition or Contact Contributor. |

3

ZoomInfo Technologies LLC's Position:
- Contrary to Plaintiffs' contention, ZoomInfo Technologies LLC has readily identified its involvement with Community Edition. It has responded to interrogatories by identifying the following on behalf of ZoomInfo Technologies LLC: its employees with knowledge of the acts alleged in the complaint, third parties with whom it shares information collected by Contact Contributor, third parties that own the servers ZoomInfo Technologies LLC uses, the information that Community Edition extracts, those individuals who service Community Edition, and that ZoomInfo Technologies LLC itself fields any complaints regarding Community Edition. ZoomInfo Technologies LLC has also produced numerous documents reflecting its involvement with Community Edition, including policies, terms of services, and a roster of individuals who review or verify business profile information, which includes information that has been collected via Contact Contributor.
- Plaintiffs mischaracterize the March 3, 2023 status conference and Order; it does not order production of documents by March 10, 2023. *See* Dkt. No. 51; *see also* Tr. 12:5-17:2. However, ZoomInfo Technologies LLC has already agreed to produce and has begun producing documents sufficient to demonstrate that it operates Community Edition and Contact Contributor, notwithstanding that Defendants have already provided written discovery responses that make clear that ZoomInfo Technologies LLC alone operates Community Edition and Contact Contributor. They have also conveyed as much during meet and confers, and to the extent there is still any outstanding confusion, the Defendants so state now.

**3. Disputed Document Category (RFP Nos. 9, 11-13; Rog Nos. 5-6, 8-12):** Documents relating to Defendants' relationship with both, third parties with whom Defendants share information about users as well as Defendants' own employees and agents who Defendants engage for the purposes of reviewing, classifying, indexing, and otherwise processing users' data, including internal policies, training materials, procedures, protocols relating thereto.

Plaintiffs' Position:
- This category of documents seeks to identify which Defendant contracts with the human reviewers that Plaintiffs allege unlawfully review class members' emails, which Defendant prepared any training materials and is tasked with training the human reviewers, and which Defendant sets any internal processes and protocols that may exist relating to human reviewers' review of electronic communications.
- Despite that these questions directly fall under the scope of the Discovery Order as it answers "which Defendant participated, and how" and also as to the "role each named Defendant had in the acts alleged," ZoomInfo Technologies LLC produced no documents whatsoever responsive to these requests.

Holding Companies' Position:
- The Holding Companies have no documents to produce concerning disclosure of user information to third parties or contracts with employees because they have no operations or employees and do not operate Community Edition or RevOS.

ZoomInfo Technologies LLC's Position:

4

- No additional discovery is needed to "identify which Defendant" operates Community Edition, RevOS, or employs individuals. Nonetheless, ZoomInfo Technologies LLC has identified the categories of third parties with whom it shares business profile information and the individuals with knowledge of the business relationships. It also produced a list that identifies the number, title, and location of the Data Research organization members, that review and verify information in ZoomInfo's RevOS database. In light of this information, and given that the Holding Companies do not have any employees or operations, the actual contracts are not necessary to determine "which Defendant" contracts with, prepares, or trains the "human reviewers."

**4. Disputed Document Category (RFP No. 10; Rog No. 7):** Documents relating to number of servers and facilities, including their locations and which Defendant has control, access and authorization to these servers and facilities.

Plaintiffs' Position:
- Plaintiffs seek the identity of Defendants who have control, access and authorization to access the servers and facilities that store or transmit the data collected Plaintiffs allege were intercepted by Defendants. These requests are directly relevant to a number of Plaintiffs' privacy claims, which turn on access, control, and authority over servers and facilities that stored information or through which information was transmitted. As such, this category of documents falls under the scope of the Discovery Order as it answers "which Defendant participated, and how" and also the "role each named Defendant had in the acts alleged."
- ZoomInfo Technologies LLC's response that it "does not own its own servers" does not fully answer the question of its authority to access, control, and/or use any servers. Nor does that answer what facilities, if any, does ZoomInfo Technologies LLC operated and control that serve to storage and transmit communication that Plaintiffs allege was intercepted.

Holding Companies' Position:
- The SAC ¶ 115 defines "facilit[ies]" as "[t]he servers used by ZoomInfo to process the emails to Community Edition subscribers." The Holding Companies have no operations or employees and do not operate Community Edition or RevOS. The Holding Companies have attested to these facts in their affidavits. It follows they do not use servers connected to Community Edition.

ZoomInfo Technologies LLC's Position:
- Plaintiffs' requests are for documents sufficient to show the number of servers "maintained" by each Defendant; there is no pending request for documents regarding location or other information.
- ZoomInfo Technologies LLC has already responded to this inquiry and thus acknowledged it does use servers in connection with allegations in the complaint but explained it does not own its own servers. It utilizes cloud servers owned and maintained by GCP and AWS, as it also previously disclosed in its ESI Disclosures. The SAC ¶ 115 defines "facilit[ies] as "[t]he servers used by ZoomInfo…" so to the extent Plaintiffs

...

| | |
|---|---|
| | contend "facilities" in their Requests mean something other than servers, Plaintiffs did not explain this during the meet and confer. |
| **5.** | **Disputed Document Category (RFP Nos. 14-15):**  Documents relating to claims, grievances or complaints made by any individual or business relating to Defendants' data collection practices as well as any federal, state, local or municipal body's investigation into any Defendant's data practices. |

Plaintiffs' Position:
- Plaintiffs seek these documents in order to identify which, if any, of the Defendants, was aware of any potential concerns relating to the alleged conduct relating to data collection  Since knowledge and intentionality are both elements of Plaintiffs' legal claims, Plaintiffs' inquiry into the identity of the party in possession of such information is directly responsive to "which Defendant participated and how" in the acts alleged in the Complaint.
- That Holding Companies currently "have no operations, no employees, and do not operate Community Edition or RevOS" does in no way answer whether the Holding Companies were aware of, communicated to ZoomInfo Technologies LLC, or participated in the resolution or investigation of any such grievances.
- As to ZoomInfo Technologies LLC, its response that it is the entity that participated in responding to any such complaints does not satisfy the question of "how" that entity participated, nor does provide a fulsome answer to Plaintiffs' request for *documents* that evidence that fact.  The unilateral limitation ZoomInfo Technologies LLC places on responding to this and other request for information is not what ZoomInfo Technologies LLC requested, nor what the Court ordered the Parties to do.

Holding Companies' Position:
- The Holding Companies have no operations, no employees, and do not operate Community Edition or RevOS.  It necessarily follows the Holdings Companies have no employees who could respond to any claims, grievances, complaints, or investigations.

ZoomInfo Technologies LLC's Position:
- Though inferentially clear that ZoomInfo Technologies LLC would be the only entity to field complaints or inquiries, for the avoidance of doubt, ZoomInfo Technologies LLC has responded that it *is* the entity that is responsible for responding to any claims, grievances, complaints, or investigations regarding Community Edition or RevOS.  The requests for all documents concerning such claims, grievances, complaints, or investigations, do not go to identifying "which Defendant" (under the Discovery Order) but is reserved for merits discovery.
- Plaintiffs' justification is emblematic of the problem here.  Despite being directly told which entity processes complaints or inquiries (answering the question that prompted the limited Discovery Order), they *still* seek documents.  Their demands extend beyond the scope of the Discovery Order and attempt to use this process to acquire merits discovery (and even then such requests would be more narrowly tailored to the allegations in the complaint).

| | |
|---|---|
| BRESKIN JOHNSON & TOWNSEND, PLLC | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| *s/ Cynthia Heidelberg*<br>Cynthia Heidelberg, WSBA #44121<br>1000 Second Avenue, Suite 3670<br>Seattle, WA 98104<br>Telephone: (206) 652-8660<br>cheidelberg@bjtlegal.com | *s/ Aravind Swaminathan*<br>*s/ Nicole Tadano*<br>*s/ Marc Shapiro*<br>Aravind Swaminathan, WSBA #33883<br>aswaminathan@orrick.com<br>Nicole Tadano, WSBA # 40531<br>ntadano@orrick.com<br>401 Union Street, Suite 3300<br>Seattle, WA 98101<br>Telephone: (206) 839-4300 |
| LOWEY DANNENBERG, P.C.<br><br>*s/ Margaret MacLean*<br>*s/ Andrea Farah*<br>*s/ Radhika Gupta*<br>Margaret MacLean (*admitted pro hac vice*)<br>Andrea Farah (*admitted pro hac vice*)<br>Radhika Gupta *(admitted pro hac vice)*<br>44 South Broadway, Suite 1100<br>White Plains, NY 10601<br>Telephone: (914) 997-0050<br>mmaclean@lowey.com<br>afarah@lowey.com<br>rgupta@lowey.com<br><br>*Attorneys for Plaintiffs* | Marc Shapiro (Admitted *Pro Hac Vice*)<br>mrshapiro@orrick.com<br>51 West 52nd Street<br>New York, NY 10019<br>Telephone: 212-506-5000<br><br>*Attorneys for Defendants ZoomInfo Technologies LLC, ZoomInfo Technologies Inc., Zoom Intermediate Inc., and ZoomInfo Holdings LLC* |

# EXHIBIT A

The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| JENNIFER WYSOCKI, ANDREW SIDHU, BETSY KELLOGG, and KEISHA FLEMISTER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZOOMINFO TECHNOLOGIES INC., ZOOMINFO TECHNOLOGIES LLC, ZOOMINFO HOLDINGS LLC, and ZOOMINFO INTERMEDIATE INC.,<br><br>Defendants. | Case No. 3:22-cv-05453-DGE<br><br>DECLARATION OF ANTHONY STARK |

I, Anthony Stark, hereby declare:

1.  I am the Secretary of ZoomInfo Holdings LLC, one of the defendants in the above-captioned action. In this position, which I have held since August 25, 2017, I have knowledge of ZoomInfo Holdings LLC's organization and operations and have access to ZoomInfo Holdings LLC's business records. I have personal knowledge of the facts stated herein and, if called as a witness, would competently testify thereto.

2.  I have reviewed the complaint in the above-styled action and am familiar with the allegations concerning Community Edition (whose software application is Contact

DECLARATION OF ANTHONY STARK
Case No.: 3:22-cv-05453-DGE

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

Contributor).

3.  ZoomInfo Holdings LLC is a holding company with no material assets apart from its ownership interest its subsidiaries; it has no operations and no employees. It has never had any operations or employees and has always acted as a holding company. ZoomInfo Holdings LLC does not and has never operated Community Edition. ZoomInfo Holdings LLC does not and has never operated Contact Contributor or ZoomInfo RevOS. ZoomInfo Holdings LLC does not and has never employed human research analysts or data scientists.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 24, 2023, Vancouver, Washington.

By: _____
Anthony Stark

DECLARATION OF ANTHONY STARK
Case No.: 3:22-cv-05453-DGE
- 2 -
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| JENNIFER WYSOCKI, ANDREW SIDHU, BETSY KELLOGG, and KEISHA FLEMISTER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZOOMINFO TECHNOLOGIES INC., ZOOMINFO TECHNOLOGIES LLC, ZOOMINFO HOLDINGS LLC, and ZOOMINFO INTERMEDIATE INC.,<br><br>Defendants. | Case No. 3:22-cv-05453-DGE<br><br>DECLARATION OF ANTHONY STARK |

I, Anthony Stark, hereby declare:

1. I am the Vice President and Secretary of ZoomInfo Intermediate Inc., one of the defendants in the above-captioned action. In this position, which I have held since October 12, 2021. I have knowledge of ZoomInfo Intermediate Inc.'s organization and operations and have access to ZoomInfo Intermediate Inc.'s business records. I have personal knowledge of the facts stated herein and, if called as a witness, would competently testify thereto.

2. I have reviewed the complaint in the above-styled action and am familiar with the allegations concerning Community Edition (whose software application is Contact

DECLARATION OF ANTHONY STARK
Case No.: 3:22-cv-05453-DGE

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

1  Contributor).

2  3. ZoomInfo Intermediate Inc. is a holding company with no material assets apart from equity interests in its subsidiaries, no operations, and no employees. ZoomInfo Intermediate Inc. does not and has never operated Community Edition, Contact Contributor or ZoomInfo RevOS. ZoomInfo Intermediate Inc. does not and has never employed human research analysts or data scientists. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 24, 2023, Vancouver, Washington.

By: _____
Anthony Stark

DECLARATION OF ANTHONY STARK
Case No.: 3:22-cv-05453-DGE
- 2 -
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| JENNIFER WYSOCKI, ANDREW SIDHU, BETSY KELLOGG, and KEISHA FLEMISTER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZOOMINFO TECHNOLOGIES INC., ZOOMINFO TECHNOLOGIES LLC, ZOOMINFO HOLDINGS LLC, and ZOOMINFO INTERMEDIATE INC.,<br><br>Defendants. | Case No. 3:22-cv-05453-DGE<br><br>DECLARATION OF ANTHONY STARK |

I, Anthony Stark, hereby declare:

1. I am the General Counsel and Corporate Secretary for ZoomInfo Technologies Inc., one of the defendants in the above-captioned action. In this position, which I have held since May 26, 2020, I have knowledge of ZoomInfo Technologies Inc.'s organization and operations and have access to ZoomInfo Technologies Inc.'s business records. I have personal knowledge of the facts stated herein and, if called as a witness, would competently testify thereto.

2. I have reviewed the complaint in the above-styled action and am familiar with

DECLARATION OF ANTHONY STARK
Case No.: 3:22-cv-05453-DGE

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

1  the allegations concerning Community Edition (whose software application is Contact
2  Contributor).
3       3.    ZoomInfo Technologies Inc. is a holding company with no material assets apart
4  from its equity interest in its subsidiaries; it has no operations and no employees. ZoomInfo
5  Technologies Inc. does not and has never operated Community Edition, Contact Contributor, or
6  ZoomInfo RevOs. ZoomInfo Technologies Inc. does not and has never employed human
7  research analysts or data scientists.
8       I declare under penalty of perjury under the laws of the United States that the foregoing
9  is true and correct.

11  Executed on February 24, 2023, Vancouver, Washington.

By: _____
Anthony Stark

DECLARATION OF ANTHONY STARK
Case No.: 3:22-cv-05453-DGE

- 2 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300