The Honorable David G. Estudillo

1
2
3
4
5
6

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

JENNIFER WYSOCKI, ANDREW SIDHU, BETSY KELLOGG, and KEISHA FLEMISTER, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

ZOOMINFO TECHNOLOGIES INC., ZOOMINFO TECHNOLOGIES LLC, ZOOMINFO HOLDINGS LLC, and ZOOMINFO INTERMEDIATE INC.,

Defendants.

Case No. 3:22-cv-05453-DGE

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO LIFT DISCOVERY STAY AND TO CONTINUE DEFENDANTS' MOTION TO DISMISS UNTIL DISCOVERY CONDUCTED

NOTE ON MOTION CALENDAR: April 7, 2023

ORAL ARGUMENT REQUESTED

DEFENDANTS' OPPOSITION TO MOTION FOR DISCOVERY
Case No. 3:22-cv-05453-DGE

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

# TABLE OF CONTENTS

**Page**

INTRODUCTION .......................................................................................................... 1

STATEMENT OF FACTS ............................................................................................ 2

I.      INITIAL PROCEDURAL HISTORY ................................................................. 2

II.     DEFENDANTS' ARTICLE III MOTION AND PLAINTIFFS' REQUEST TO EXPAND DISCOVERY ....................................................................................... 3

ARGUMENT ................................................................................................................ 4

CONCLUSION ............................................................................................................. 9

CERTIFICATION ........................................................................................................ 9

DEFENDANTS' OPPOSITION TO MOTION FOR DISCOVERY
Case No. 3:22-cv-05453-DGE

- i -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101
+1 206 839 4300

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Amazon.com Servs. LLC v. Paradigm Clinical Rsch. Inst., Inc.*,
    No. 2:21-CV-00753 RAJ, 2022 WL 18665011 (W.D. Wash. Sept. 28, 2022)......................4

5

*Boschetto v. Hansing*,
    539 F.3d 1011 (9th Cir. 2008)...............................................................................................4

6

*Cascade Yarns, Inc. v. Knitting Fever, Inc.*,
    No. C10-861 RSM, 2011 WL 2470671 (W.D. Wash. June 17, 2011)..................................5

7

8

*LNS Enters. LLC v. Cont'l Motors, Inc.*,
    22 F.4th 852 (9th Cir. 2022).................................................................................................4

9

*Sinatro v. Mrs. Gooch's Nat. Food Mkts., Inc.*,
    No. 22-CV-03603-TLT, 2023 WL 2324291 (N.D. Cal. Feb. 16, 2023) ..........................4, 5

10

11

*Wells Fargo & Co. v. Wells Fargo Express Co.*,
    556 F.2d 406 (9th Cir. 1977)................................................................................................4

12

*Wilson v. Alaska Native Tribal Health Consortium*,
    399 F. Supp. 3d 926 (D. Alaska 2019)................................................................................5

13

**Other Authorities**

14

Local Rule 37(a)(1) ......................................................................................................................5

15

Fed. R. Civ. P. 9 ...........................................................................................................................2

16

Fed. R. Civ. P. 12(b)(6) ...............................................................................................................2

17

Fed. R. Civ. P. 12(f) .....................................................................................................................2

18

Fed. R. Civ. P. 23(c) ....................................................................................................................2

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO MOTION FOR
DISCOVERY
Case No. 3:22-cv-05453-DGE

- ii -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101
+1 206 839 4300

1      Defendants ZoomInfo Technologies Inc., ZoomInfo Technologies LLC, ZoomInfo

2   Holdings LLC, and ZoomInfo Intermediate Inc. file this Opposition to Plaintiffs' Motion to

3   Lift the Discovery Stay and to Continue Defendants' Motion to Dismiss Until Discovery is

4   Conducted (DE 65), and state as follows:

5                                    **INTRODUCTION**

6      This case concerns ZoomInfo Technologies LLC's Community Edition Program and

7   its software application, Contact Contributor.  Named Plaintiffs purport to represent classes of

8   Community Edition Subscribers and Non-Subscribers in seven states and nationwide.

9   However, no private information in ZoomInfo's database is traceable to Community Edition,

10   nor has any class representative ever subscribed to Community Edition or installed Contact

11   Contributor.  Because that implicates the Court's subject matter jurisdiction, Defendants

12   moved for dismissal on Article III grounds.

13      Plaintiffs now ask the Court to stay briefing and allow discovery concerning the facts

14   purportedly underlying Defendants' Article III motion.  But Plaintiffs have the relevant facts.

15   They are contained in the exhibits and affidavits accompanying the Article III motion or

16   already known to Plaintiffs.  In the Article III motion, ZoomInfo Technologies LLC provided

17   the data points it collected about each alleged Non-Subscriber Named Plaintiff, including

18   where each data point was sourced.  ZoomInfo Technologies LLC also provided Named

19   Plaintiff Kellogg's contract (of which she is already aware), evincing she is not a Community

20   Edition Subscriber but rather a paid Subscriber.  This information demonstrates conclusively

21   that the origin of the data in question was not Contact Contributor.  There is no discovery

22   available that would weigh on these critical facts.  For these reasons, Defendants believe that

23   discovery is a needless expenditure of party resources.

24      Should the Court see fit, Defendants will produce witnesses to explain and support the

25   hard and conclusive data in their Article III affidavits.  However, Defendants oppose

26   Plaintiffs' attempt to forage for wide-ranging merits discovery, occasioned by Defendants'

27   proof that no Named Plaintiff has standing to bring a claim.  Accordingly, if the Court is

28   inclined to grant discovery, Defendants do not oppose discovery limited to depositions of the

DEFENDANTS' OPPOSITION TO MOTION FOR
DISCOVERY                                                    - 1 -
Case No. 3:22-cv-05453-DGE

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101
+1 206 839 4300

1   two declarants and written discovery limited to the origin of the information about Named

2   Plaintiffs stored in ZoomInfo's database.  That defines the scope of the Article III inquiry and

3   strikes the proper balance.  It enables Named Plaintiffs to ascertain the accuracy of the

4   information in support of the Article III motion while safeguarding against attempts to use this

5   as a fishing expedition.

6                        **STATEMENT OF FACTS**

7   **I.      INITIAL PROCEDURAL HISTORY**

8          Plaintiffs filed their Class Action Complaint on June 21, 2022, alleging thirteen causes

9   of action on behalf of various classes of Community Edition Subscribers as well as Non-

10  Subscribers (*i.e.*, those whose information was extracted from Subscribers' incoming emails).

11  *See* DE 1.  After failing to serve their initial Complaint, Plaintiffs filed an Amended Complaint

12  on August 18, 2022, and a Second Amended Complaint ("SAC") on September 15, 2022.  *See*

13  DE 11; DE 19.  The crux of Plaintiffs' claims is straightforward: ZoomInfo Technologies

14  LLC's Community Edition program unlawfully "reads" information from incoming and

15  outgoing emails and collects personal information to be populated in ZoomInfo's database.

16  *See, e.g.*, DE 19 ¶¶ 11, 30-32, 68-72.  The SAC does not allege that Plaintiffs suffered harm

17  because of any program other than Community Edition.

18         On October 28, 2022, Defendants filed a Motion to Dismiss the SAC for failure to state

19  a claim under Rule 12(b)(6) and a Motion to Strike Class Allegations pursuant to Rules 12(f)

20  and 23(c).  *See* DE 22; DE 21.  Those motions are fully briefed.  On November 3, 2022,

21  Defendants filed a Motion for a Protective Order Staying Discovery, explaining, *inter alia*,

22  that Plaintiffs' allegations are facially defective, as they fail to articulate a plausible basis

23  (much less a Rule 9 basis) for believing that Contact Contributor "reads" the content of their

24  emails.  Plaintiffs have countered that the presence of their contact information in ZoomInfo's

25  database evinces that Contact Contributor "reads" something other than signature blocks.

26  Given the facially deficient nature of Plaintiffs' allegations, Defendants asked that the Court

27  stay discovery until ruling on the motions to dismiss and strike.  *See* DE 23. On December 2,

28

DEFENDANTS' OPPOSITION TO MOTION FOR
DISCOVERY                                    - 2 -
Case No. 3:22-cv-05453-DGE

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101
+1 206 839 4300

2022, the Court entered an order allowing discovery into two discrete issues:

> "(1) which Defendant participated, and how, in activity Plaintiffs claim operates in contradiction to the Terms of Use and Privacy Policy as alleged in the Second Amended Complaint and in contradiction to any Defendant's website; and (2) what, if any, role each named Defendant had in the acts alleged. As to these two issues, discovery shall commence immediately."

DE 36.  All other discovery was stayed.  *Id.*

## II. DEFENDANTS' ARTICLE III MOTION AND PLAINTIFFS' REQUEST TO EXPAND DISCOVERY

Following the Court's discovery ruling and in the course of investigating Plaintiffs' allegations, Defendants learned that the deficient investigation that spawned the SAC's speculative allegations has also led to a separate, foundational problem: none of the Named Plaintiffs are Contact Contributor Subscribers nor did their information in ZoomInfo's database originate from Contact Contributor.  Stated in the vernacular of Article III, Plaintiffs' proclaimed injuries are not traceable to the allegedly offending conduct, namely, Contact Contributor supposedly "read[ing]" "the entirety of individuals' incoming and outgoing communications."

In advance of the March 3, 2023 status conference, Defendants alerted Plaintiffs and the Court that they intended to file a motion to dismiss for lack of Article III standing.  On March 16, 2023, Defendants filed the Motion to Dismiss for Lack of Standing ("Article III Motion").  DE 57.  As the Article III Motion explains, Contact Contributor is not the only way that ZoomInfo sources information for its database.  *Id.* at 3-4.  ZoomInfo draws from a multitude of sources.  *Id.*  For each Named Plaintiff, the information that they assert was improperly collected by Contact Contributor was, in fact, collected from various other sources.  *Id.* at 6-9.  Likewise, Plaintiff Kellogg, the sole alleged Subscriber representative, has never had Contact Contributor installed on her computer, and thus has no standing to challenge Contact Contributor "reading" her emails.  *Id.* at 9-10.  Accordingly, Named Plaintiffs could not, and did not, suffer any alleged harm due to Contact Contributor.

Without conferring with Defendants, on March 23, 2023, Plaintiffs filed a Motion to

DEFENDANTS' OPPOSITION TO MOTION FOR DISCOVERY
Case No. 3:22-cv-05453-DGE
- 3 -
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101
+1 206 839 4300

1   Lift the Discovery Stay and to Continue Defendants' Motion to Dismiss until Discovery is

2   Conducted ("Discovery Motion").  *See* DE 65.  Plaintiffs' Discovery Motion includes a

3   laundry list of requests that they supposedly "need," only a few of which relate to the narrow

4   issues raised in the Article III Motion: the origin of Named Plaintiffs' information maintained

5   in ZoomInfo's database and whether Plaintiff Kellogg is a Community Edition Subscriber.  *Id.*

6   at 6-8.

7                                   **ARGUMENT**

8           Jurisdictional discovery is not permitted as of right.  The moving party must

9   specifically identify what further discovery would reveal that is relevant to the Court's

10  jurisdictional determination.  *See Sinatro v. Mrs. Gooch's Nat. Food Mkts., Inc.*, No. 22-CV-

11  03603-TLT, 2023 WL 2324291, at *6 (N.D. Cal. Feb. 16, 2023) (denying jurisdictional

12  discovery because the plaintiff did not describe "'with any precision'" how further discovery

13  would assist the court) (quoting *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 865 (9th

14  Cir. 2022)).  "'[W]hen it is clear that further discovery would not demonstrate facts sufficient

15  to constitute a basis for jurisdiction'" or the request for discovery is "'based on little more than

16  a hunch that it might yield jurisdictionally relevant facts,'" jurisdictional discovery is

17  unwarranted.  *Amazon.com Servs. LLC v. Paradigm Clinical Rsch. Inst., Inc.*, No. 2:21-CV-

18  00753 RAJ, 2022 WL 18665011, at *4 (W.D. Wash. Sept. 28, 2022) (quoting *Wells Fargo &*

19  *Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977) and *Boschetto v.*

20  *Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008)).

21          Here, Plaintiffs fail to identify any discovery that would alter the central facts that are

22  before the Court.  Defendants' Article III Motion rests on incontrovertible evidence.  No

23  Named Plaintiff is a Community Edition subscriber.  That is a fact.  And information about

24  Named Plaintiffs in ZoomInfo's database was not acquired through Contact Contributor,

25  independent of other public sources.  That is also a fact.  These facts preclude Named Plaintiffs

26  from bringing their claims, representing a class, or issuing discovery aimed purely at the

27  speculative injuries of unknown third parties.

28          Notwithstanding Plaintiffs' failure to articulate any basis for discovery, if the Court is

DEFENDANTS' OPPOSITION TO MOTION FOR
DISCOVERY                                    - 4 -
Case No. 3:22-cv-05453-DGE

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101
+1 206 839 4300

inclined to grant discovery, Defendants do not oppose, provided discovery is properly

calibrated to the relevant Article III inquiry.  Had Plaintiffs met and conferred in advance of

this filing (*see* Local Rule 37(a)(1)), Defendants would have apprised them of as much.  What

Defendants do oppose is any attempt to use jurisdictional discovery as a "fishing expedition."

*Cascade Yarns, Inc. v. Knitting Fever, Inc.*, No. C10-861 RSM, 2011 WL 2470671, at *5

(W.D. Wash. June 17, 2011).  Plaintiffs' blunderbuss request for twenty categories of

discovery, excluding subparts (DE 65 at 6-8), creates precisely these concerns.  *See Sinatro*,

2023 WL 2324291, at *6; *Wilson v. Alaska Native Tribal Health Consortium*, 399 F. Supp. 3d

926, 940 (D. Alaska 2019).  To strike the proper balance, Defendants propose limiting

discovery to the depositions of the two declarants in the Article III Motion and focused written

requests directed to ZoomInfo Technologies LLC regarding information pertaining solely to

Named Plaintiffs' accounts or information.[1]  Defendants' positions on Plaintiffs' requests are

as follows:

| Discovery Sought in Plaintiffs Discovery Motion | Relevance to the Issues Raised in Defendants' Article III Motion |
| --- | --- |
| The source of Plaintiffs' information displayed on ZoomInfo | *Already provided*<br><br>ZoomInfo Technologies LLC has already provided this information in the Article III Motion. |
| All records, including documents, computer files or any other source which records which information, including metadata, is captured by Contact Contributor | *Contest: Irrelevant*<br><br>How Contact Contributor captures information is irrelevant to whether Contact Contributor did, in fact, capture Named Plaintiffs' information. |
| All records, including documents, computer files or any other source which records which information, including metadata, is captured by technologies employed by ZoomInfo, which is separate from Contact Contributor | *Already provided in relevant part*<br><br>To the extent that this category requests information regarding whether Contact Contributor collected Named Plaintiffs' information, ZoomInfo Technologies LLC |

---

[1] Defendants request that discovery be limited to ZoomInfo Technologies LLC.  Defendants have adequately conveyed that the other three entities have no operations and employees, and thus have no insight to share concerning the origin of Named Plaintiffs' information in ZoomInfo's database.

DEFENDANTS' OPPOSITION TO MOTION FOR DISCOVERY
Case No. 3:22-cv-05453-DGE

- 5 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101
+1 206 839 4300

| Discovery Sought in Plaintiffs Discovery Motion | Relevance to the Issues Raised in Defendants' Article III Motion |
|---|---|
| | has already provided this information in the Article III Motion.<br><br>The technology behind ZoomInfo Technologies LLC's other programs beyond Contact Contributor is irrelevant and beyond the scope of the issues raised in the Article III Motion. |
| All documents and information relating to third-party vendors identified by the Defendants in their Motion | *Contest: Irrelevant*<br><br>ZoomInfo Technologies LLC's "third-party vendors" have nothing to do with whether Named Plaintiffs' information was collected by Contact Contributor. |
| Deposing the two declarants whose declarations were submitted with the motion | *Conditionally agree*<br><br>Defendants agree to depositions of the declarants to the Article III Motion, so long as the depositions are limited to the contents of those declarations. |
| Deposing declarants familiar with ZoomInfo's Traceability UI | *Agree*<br><br>ZoomInfo Technologies LLC will produce a witness to testify concerning the functionality of Traceability UI. |
| All documents and information relating to how and where the information captured by Contact Contributor is stored | *Contest: Irrelevant*<br><br>Where information captured by Contact Contributor is stored has no bearing on whether Named Plaintiffs' information was, in fact, collected by Contact Contributor. |
| All documents and information relating to the types of information, including data fields and metadata that is reviewed by human reviewers and/or data scientists and/or data analysts | *Contest: Irrelevant*<br><br>ZoomInfo Technologies LLC's use of "human reviewers and/or data scientists and/or data analysts" and the data they review has no bearing on whether Named Plaintiffs' information was collected by Contact Contributor. |
| All documents and information relating to the records maintained by ZoomInfo which records the content reviewed by human reviewers and/or data scientists and/or data analysts, including records of content that | *Contest: Irrelevant*<br><br>ZoomInfo Technologies LLC's use of "human reviewers and/or data scientists and/or data analysts" and the data they review has no bearing on whether Named |

DEFENDANTS' OPPOSITION TO MOTION FOR DISCOVERY
Case No. 3:22-cv-05453-DGE

- 6 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101
+1 206 839 4300

| Discovery Sought in Plaintiffs Discovery Motion | Relevance to the Issues Raised in Defendants' Article III Motion |
|---|---|
| was reviewed but not stored and/or included by ZoomInfo on its platform | Plaintiffs' information was collected by Contact Contributor. |
| All documents and information relating to the human review program, including training manuals and policies and procedures employed by ZoomInfo in manual review of email content, including any documents which deal with the treatment of sensitive or PII information captured by Contact Contributor | ***Contest: Irrelevant***<br><br>ZoomInfo Technologies LLC's use of a "human review program" has no bearing on whether Named Plaintiffs' information was collected by Contact Contributor. |
| Documents, files, or any other record reviewed to make determinations that Plaintiffs' information was not captured by Contact Contributor | ***Conditionally agree***<br><br>If the Court grants discovery, ZoomInfo Technologies LLC will produce this information. |
| Names, designations, roles of ZoomInfo employees and/or third parties consulted to determine that Plaintiffs' information was not captured by Contact Contributor | ***Conditionally agree***<br><br>If the Court grants discovery, ZoomInfo Technologies LLC will produce this information. |
| The full extent of Plaintiffs' information available and/or in possession of ZoomInfo, including information that may not be displayed on ZoomInfo's database | ***Conditionally agree***<br><br>If the Court grants discovery, ZoomInfo Technologies LLC will produce as proportionate with the needs of the Article III inquiry. |
| Plaintiffs' information that was available to ZoomInfo during the Class Period, but since then has been deleted, destroyed, and/or not available to ZoomInfo any more | ***Contest: Irrelevant***<br><br>ZoomInfo Technologies LLC's data retention practices and policies have no bearing on whether Named Plaintiffs' information was collected by Contact Contributor. |
| Specific data and/or data fields of Plaintiffs' information that were destroyed, deleted or otherwise not available to ZoomInfo anymore | ***Contest: Irrelevant***<br><br>ZoomInfo Technologies LLC's data retention practices and policies have no bearing on whether Named Plaintiffs' information was collected by Contact Contributor. |

DEFENDANTS' OPPOSITION TO MOTION FOR DISCOVERY
Case No. 3:22-cv-05453-DGE

- 7 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Discovery Sought in Plaintiffs Discovery Motion | Relevance to the Issues Raised in Defendants' Article III Motion |
|---|---|
| The specific data and/or data fields of Plaintiffs' information that was shared, sold, disseminated and/or otherwise disclosed to any third parties, including the human reviewers and/or data analysts employed by Defendants | *Contest: Irrelevant*<br><br>ZoomInfo Technologies LLC's disclosure practices and policies have no bearing on whether Named Plaintiffs' information was collected by Contact Contributor. |
| Information and documents relating to any profile that ZoomInfo displays and/or displayed, during the Class Period, on their database, that is a result of Plaintiffs' email correspondences | *Contest: Irrelevant*<br><br>None of the information sought in this category has any bearing on whether Named Plaintiffs' information was collected by Contact Contributor. |
| ZoomInfo's storage, deletion and retention policies during the Class Period | *Contest: Irrelevant*<br><br>ZoomInfo Technologies LLC's data retention practices and policies have no bearing on whether Plaintiffs' information was collected by Contact Contributor. |
| Information and documents relating to Plaintiffs' incoming and/or outgoing email correspondence(s) that were shared with third parties, including human reviewers and data analysts employed by ZoomInfo | *Contest: Irrelevant*<br><br>None of the information sought in this category has any bearing on whether Named Plaintiffs' information was collected by Contact Contributor. |
| Information and documents relating to ZoomInfo's "Privacy Notice" sent to Plaintiffs | *Contest: Irrelevant*<br><br>None of the information sought in this category has any bearing on whether Named Plaintiffs' information was collected by Contact Contributor. |

ZoomInfo Technologies LLC is prepared to produce information, through documents and/or depositions, showing that Named Plaintiffs' information displayed in ZoomInfo's database was not collected through Contact Contributor (though the Article III Motion already makes this plain). Defendants are not, however, willing to engage in wide reaching merits

discovery where Plaintiffs are shown to lack standing and before the Court rules on Defendants' motions to dismiss.

## CONCLUSION

Defendants respectfully requests that the Court deny Plaintiffs' Motion to Lift the Discovery Stay and to Continue Defendants' Motion to Dismiss until Discovery is Conducted, in its entirety.  If the Court grants Plaintiffs' Discovery Motion in whole or in part, Defendants request that the Court order the discovery identified by Defendants.

## CERTIFICATION

I certify that this memorandum contains 2,648 words, in compliance with the Local Civil Rules.

Dated: April 3, 2023

Respectfully Submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _s/ Aravind Swaminathan_

Aravind Swaminathan (WSBA No. 33883)
aravind@orrick.com

401 Union Street
Suite 3300
Seattle, WA  98101
Telephone:  +1 206 839 4300
Facsimile:  +1 206 839 4301

Attorneys for Defendants

DEFENDANTS' OPPOSITION TO MOTION FOR DISCOVERY
Case No. 3:22-cv-05453-DGE

- 9 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101
+1 206 839 4300