UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENNIFER WYSOCKI, ANDREW SIDHU, BETSY KELLOGG, and KEISHA FLEMISTER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>ZOOMINFO TECHNOLOGIES INC., ZOOMINFO TECHNOLOGIES LLC, ZOOMINFO HOLDINGS LLC, and ZOOMINFO INTERMEDIATE INC.,<br><br>Defendants. | CASE NO. 3:22-cv-05453-DGE<br><br>ORDER PARTIALLY GRANTING MOTION TO LIFT THE STAY ON DISCOVERY (DKT. NO. 65) |

**I      INTRODUCTION**

This matter comes before the Court on Plaintiffs' motion for the Court to lift the stay on discovery to permit Plaintiffs to respond to Defendants' motion to dismiss for lack of standing. (Dkt. No. 65.)  For the reasons articulated herein, the Court GRANTS in part Plaintiffs' motion.

ORDER PARTIALLY GRANTING MOTION TO LIFT THE STAY ON DISCOVERY (DKT. NO. 65) - 1

## II   BACKGROUND

On November 3, 2022, Defendants moved for a protective order pursuant to Federal Rule of Civil Procedure 26(c) staying discovery until the Court ruled on Defendants' motions to dismiss and to strike class allegations. (Dkt. No. 23.) On December 2, 2022, the Court granted in part and denied in part Defendants' motion. (Dkt. No. 36.) The Court specifically permitted Plaintiffs to seek discovery on "(1) which Defendant participated, and how, in activity Plaintiffs claim operates in contradiction to the Terms of Use and Privacy Policy as alleged in the Second Amended Complaint and in contradiction to any Defendant's website; and (2) what, if any, role each named Defendant had in the acts alleged." (*Id.* at 1–2.) The Court stayed all other discovery.

On March 16, 2023, Defendants filed an additional dispositive motion seeking to dismiss Plaintiffs' claims for lack of standing. (Dkt. No. 57.) Defendants assert "[t]he evidence shows that no named Plaintiff has suffered an injury that is 'fairly traceable to the challenged conduct of the defendant.' Specifically, none of the injuries alleged by Plaintiffs is the product of the supposedly unlawful operation of Contract Contributor that they allege in their SAC, because they could not be." (*Id.* at 8) (internal citation omitted.) On March 23, 2023, Plaintiffs asked the Court to continue the date by which they need to respond to Defendants' latest dispositive motion and for the Court to lift the stay on discovery so they may properly respond to Defendants' standing arguments. (Dkt. No. 65 at 2.) The Court granted Plaintiffs' motion for a continuance of their response deadline to properly evaluate the current motion. (Dkt. No. 67.)

## III   DISCUSSION

**A. Legal Standard**

Federal Rule of Civil Procedure 26(c)(1)(A) permits the Court to stay discovery "for good cause." Though the Ninth Circuit has acknowledged in dicta that courts may stay discovery pending resolution of a dispositive motion, *see Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987), it has not provided clear guidance on what standards would justify a stay of discovery pending a dispositive motion. *See also HUB Int'l Nw. LLC v. Larson*, No. 2:22-CV-01418-TL, 2023 WL 2527150, at *2 (W.D. Wash. Mar. 15, 2023). District courts in this District and Circuit often apply a two-part test to determine whether to stay discovery. "First, the pending motion must be potentially dispositive of the entire case, or at least on the issue to which discovery is directed. Second, the court must determine if the pending dispositive motion can be decided without additional discovery." *Ahern Rentals Inc. v. Mendenhall*, No. C20-0542-JCC, 2020 WL 8678084, at *1 (W.D. Wash. July 9, 2020); *see also In re Nexus 6P Prod. Liab. Litig.*, No. 17-CV-02185-BLF, 2018 WL 3036734, at *2 (N.D. Cal. June 19, 2018). Stays pending discovery are intended to be exceptional. *See Zeiger v. Hotel California by the Sea LLC*, No. C21-1702-TL-SKV, 2022 WL 1499670, at *2 (W.D. Wash. May 12, 2022).

### B. Stay of Discovery

Defendants' latest motion to dismiss asserts that none of the allegedly private information at issue in this case was collected by Contact Contributor, Defendants' software product, and therefore Plaintiffs do not having standing to bring claims against them because Contact Contributor could not have caused any of Plaintiffs' purported injuries. (Dkt. No. 57 at 4–5.) To support this assertion, Defendants offer declarations from two ZoomInfo Technologies LLC employees, Brandon Tucker and Elliott Gordon. (Dkt. Nos. 58, 59.) These individuals declare that, after analyzing internal tools such as Traceability UI, a proprietary software tool, and the

company's Salesforce and Google Cloud DataStore records, the named Plaintiffs' information either could not have been collected by Contact Contributor or was collected from publicly available information. *(See generally id.)*

Plaintiffs, in response, assert "[a]ll this information is only available to the Defendants; Plaintiffs are not privy to any of these documents other than the very limited information and documents submitted with Defendants' Article III Motion." (Dkt. No. 65 at 5.) They further argue they are entitled to take additional discovery since Defendants' motion incorporates documents and affidavits outside of the four corners of the complaint and effectively converts the motion into a motion for summary judgment. (*Id.* at 5–6.)

Though Defendants argue the affidavits attached to their motion lay out all the necessary evidence for dismissal, Defendants offer to "produce witnesses to explain and support the hard and conclusive data in their Article III affidavits" and to provide "written discovery limited to the origin of the information about Named Plaintiffs stored in ZoomInfo's database." (Dkt. No. 69 at 4–5.)

The Court agrees that some discovery on Defendants' factual attack on this Court's jurisdiction is warranted before the Court addresses Defendants' latest dispositive motion. *See St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) ("Discovery is necessary . . . only if it is possible that the plaintiff can demonstrate the requisite jurisdictional facts if afforded that opportunity.").

Plaintiffs propose 20 areas or topics on which they need discovery. (*See* Dkt. No. 65 at 7.) The Court finds this request to be overbroad. At the same time, the Court acknowledges that depositions of the two declarants and the provision of limited written discovery proposed by

Defendants is likely inadequate to permit Plaintiffs to demonstrate whether this Court properly has jurisdiction.

Accordingly, and having considered Plaintiffs' motion (Dkt. No. 65), the briefing of the parties, and the remainder of the record, the Court GRANTS jurisdictional discovery[1] on the following areas:

1. The source of Named Plaintiffs' information displayed on ZoomInfo;
2. Contracts or agreements indicating how or whether information on the Named Plaintiffs is shared between ZoomInfo Technology LLC and the third-party vendors identified by the Defendants in their Motion;
3. Documents, files, or any other record reviewed to make determinations that Named Plaintiffs' information was not captured by Contact Contributor;
4. Names, designations, roles of ZoomInfo Technology LLC employees and/or third parties consulted to determine that Named Plaintiffs' information was not captured by Contact Contributor;
5. The full extent of Named Plaintiffs' information available and/or in possession of ZoomInfo Technology LLC, including information that may not be displayed on ZoomInfo's database;
6. Named Plaintiffs' information that was available to ZoomInfo Technology LLC during the Class Period, but since then has been deleted, destroyed, and/or not available to ZoomInfo to the extent that ZoomInfo can reasonably identify such information;
7. ZoomInfo Technology LLC's storage, deletion and retention policies during the Class Period;
8. Depositions of Brandon Tucker and Elliott Gordon solely confined to the issue of whether and how ZoomInfo Technology LLC obtained information on the Named Plaintiffs; and
9. Deposition of a witness familiar with ZoomInfo Technology LLC's Traceability UI.

Defendants are ORDERED to produce complete discovery on the jurisdictional issues identified above within 45 days of the issuance of this order. Defendants are further ORDERED to identify their witness familiar with Traceability UI and to identify potential deposition dates for their declarants and the additional witness within seven days of this order. These depositions

---

[1] The Court limits Plaintiffs' discovery solely to Defendant ZoomInfo Technologies LLC. Plaintiffs may not seek jurisdictional discovery from the other defendants in this suit.

ORDER PARTIALLY GRANTING MOTION TO LIFT THE STAY ON DISCOVERY (DKT. NO. 65) - 5

should be completed within 60 days of the issuance of this order unless the witnesses' schedules do not allow for their completion within 60 days; in which case, the depositions should be completed as soon as possible.

Defendants' Motion to Dismiss for Lack of Standing (Dkt. No. 57) is STRICKEN without prejudice. Defendants may refile or renote this motion upon the completion of discovery.

As to all other requests identified in the parties' discovery dispute letter (Dkt. No. 68), the Court finds Plaintiffs' requests are beyond the scope of the Court's prior order (Dkt. No. 36) and DENIES all other discovery requests identified in the joint letter.

Dated this 28th day of April, 2023.

David G. Estudillo
United States District Judge